845 P.2d 559

**CLEAR SPRINGS TROUT COMPANY, Plaintiff–Respondent,**

v.

**George ANTHONY, Defendant– Appellant,**

and

**Desert Land Fertilizer, Farmers National Bank, N.A., and Rangen, Inc., Defendants.**

No. 18996.

Supreme Court of Idaho, Boise, April 1992 Term.

Dec. 24, 1992.

Rehearing Denied Feb. 18, 1993.

May & May Law Offices, Twin Falls, for defendant-appellant. Thomas D. Kershaw, Jr. argued.

Hepworth, Nungester & Lezamiz, Twin Falls, for plaintiff-respondent. John C. Hohnhorst argued.

JOHNSON, Justice.

This appeal involves a single issue— whether the trial court abused its discretion in denying a motion to set aside a default judgment.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Clear Springs Milling Company, the alleged predecessor of Clear Springs Trout Company (Clear Springs), leased property to George Anthony. Clear Springs also granted Anthony an option to purchase subject to a reserved right of first refusal in Clear Springs, which would allow it to reacquire the property when and if Anthony proposed to sell it to a third party.

Anthony assigned his rights under the contract to Desert Land Fertilizer (DLF), a corporation in which Anthony was the principal shareholder. DLF subsequently assigned its interest to Farmers National Bank (the bank) as security for loans made to Anthony.

Clear Springs consented to Anthony's sale of a parcel of the property without exercising its right of first refusal. Subsequently, Anthony and DLF incurred additional indebtedness to the bank, and executed three trust deeds in favor of the bank encumbering Anthony's interest in the property.

Anthony received a written proposal from Rangen, Inc. (Rangen), to purchase the remaining property for $45,000 in cash. Anthony disclosed the proposal to Clear Springs and Clear Springs notified Anthony that it intended to exercise its right of first refusal and acquire the property for $45,000.

Anthony's attorney notified Clear Springs' attorney that "the price and terms by which Clear Springs Trout Co. may purchase the property have changed," referring to a new purchase proposal by Rangen. Clear Springs' attorney replied to Anthony's attorney that Rangen's new proposal was of no consequence and "there has been an offer and acceptance and we expect it to be enforced and if there is a failure to do so, we shall immediately initiate a suit for specific performance." Anthony's attorney then responded by letter that Anthony "has decided to go ahead and accept the offer."

During preparation of the documents necessary to terminate the lease and prepare a deed, Clear Springs discovered three recorded deeds of trust and a lis pendens documenting an action by the bank against Anthony and DLF to foreclose the deeds of trust. Clear Springs' attorney wrote to Anthony's attorney and the bank's attorney to inform them of several alternatives for the payment of the $45,000 upon the bank's release of its deeds of trust and lis pendens, none of which were acceptable to Anthony.

Clear Springs' attorney wrote to Anthony's attorney again, expressing concern that Anthony's attorney had not responded to the letter or several phone calls. Anthony responded that he

> [had] decided not to sell and therefore I am not exercising the option to purchase granted to me in the Lease and Option to Purchase Agreement dated the 22nd of February, 1978. The purpose of this letter is to advise you that I have not accepted any offer to sell and therefore do not exercise my option to purchase.

Clear Springs filed suit seeking specific performance of the right of first refusal and to quiet title in the parcel of property. Anthony and DLF filed a motion to dismiss, rather than an answer, contending that Anthony's business dealings had been with Clear Springs Milling, not Clear Springs Trout Co., and that DLF was presently a viable chartered corporation. Anthony never scheduled the motion for hearing.

In December 1989, Anthony moved to consolidate the case with the bank's pending foreclosure action. The motion was denied after a hearing on January 3, 1990. At that hearing, Anthony's counsel advised Clear Springs that an answer would be filed shortly. Nevertheless, Anthony did not file an answer nor did he set the dismissal motion for hearing. On April 17, 1990, Clear Springs scheduled a hearing on the motion, which was vacated when, four days before its scheduled date, Anthony's attorney contacted Clear Springs' attorney, and advised Clear Springs' attorney that Anthony's attorney would withdraw the

motion to dismiss. Anthony did not file an answer or other responsive pleading in the following four weeks.

The record contains a telephone memorandum dated April 26, 1990, admitted into evidence by the trial court, documenting a phone call by Anthony's attorney to Clear Springs' attorney. This memorandum indicates that Anthony's attorney informed Clear Springs' attorney that Anthony's attorney intended to withdraw the motion to dismiss, and would not oppose a motion by Clear Springs to amend the complaint, and that there would be no need for the hearing.

On May 17, 1990, Clear Springs sent Anthony a notice of intent to take default. The default hearing was scheduled for twelve days later, at 10:00 a.m. on May 29, 1990. Neither Anthony nor his counsel appeared, or contacted the trial court or opposing counsel in any fashion. At the hearing, the trial court entered an order pursuant to I.R.C.P. 55(b)(2) finding Anthony and DFL in default. At 4:30 p.m. on May 29, 1990, the same day as the hearing, Anthony filed an answer and a motion to set aside the default pursuant to I.R.C.P. 55(c).

After argument on the motion on July 17, 1990, the trial court denied the request to set aside the default, finding that Anthony had failed to show the existence of mistake, excusable neglect, or the existence of a meritorious defense. On October 26, 1990, the court entered final judgment quieting title to the property and directing Anthony to specifically perform the agreement.

Anthony appealed.

## II.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO SET ASIDE THE DEFAULT JUDGMENT.

Anthony asserts that his failure to file and appear at the default hearing were excusable and that the trial court should not have refused to set aside the default judgment. We conclude that the trial court did not abuse its discretion in denying Anthony's motion to set aside the default judgment.

The main issue on appeal is whether the district court abused its discretion under I.R.C.P. 55(c) and 60(b)(1) in refusing to grant Anthony relief from the default judgment entered against him.

■ Two requirements must be met to set aside a default judgment. Under rule 60(b)(1), a party may ask for relief from a default judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. In addition, the moving party must plead facts which, if established, would constitute a meritorious defense to the entry of default. *Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979); *Baldwin v. Baldwin*, 114 Idaho 525, 757 P.2d 1244 (Ct.App.1988).

■ The power of a trial court to grant or deny relief under rules 55(c) and 60(b) is discretionary. *Sherwood & Roberts, Inc. v. Riplinger*, 103 Idaho 535, 650 P.2d 677 (1982). Absent clear abuse of that discretion, we will not overturn the trial court's decision. *Catledge v. Transport Tire Co.*, 107 Idaho 602, 691 P.2d 1217 (1984). The trial court will be considered to have acted within its sound discretion on a motion to set aside a default judgment if

(a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found.

*Shelton v. Diamond Int'l Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985) (quoting *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App. 1983)).

■ In accordance with *Shelton*, we must first determine whether the trial court made any findings of fact to which we will defer. In denying the motion to set aside default, the trial court found:

1. Four days before the first scheduled default hearing, Anthony's attorney

contacted Clear Springs' attorney stating that the motion to dismiss would be withdrawn and the hearing would be unnecessary.

2. Three more weeks passed and Clear Springs received neither an answer nor any other responsive pleading from Anthony.

3. On approximately May 17, 1990, Clear Springs sent Anthony's attorney a notice of intent to take default at a hearing on May 29, 1990.

4. Clear Springs' attorney appeared at the time scheduled for the default hearing on May 29, 1990. Neither Anthony nor his attorney appeared, and default was entered by the trial court.

5. There was no mistake, inadvertence, surprise, or excusable neglect on Anthony's part.

6. Clear Springs was more than lenient in allowing Anthony an extended time frame to work within, approximately seven months.

7. At one time Clear Springs noticed up Anthony's motion to dismiss hoping to move the case along on its merits. To no avail; Clear Springs was driven by frustration due to the inexcusable neglect of Anthony.

8. Anthony's attorney acknowledged receipt of the notice of intent to take default and during the twelve days before the hearing failed to contact the trial court or Clear Springs about his apparent scheduling conflict in bankruptcy court. This conduct demonstrates an intentional refusal to file an answer to the complaint.

9. Anthony presented no defense to this action, let alone a meritorious defense.

From these findings, the trial court concluded:

The civil rules do have meaning and it provides a mechanism to advance cases on their merits. However, when one party intentionally neglects the rules then justice demands default actions. The factual circumstances of this case require justice and justice requires the upholding of the default judgment.

Applying the three-part test in *Shelton*, we conclude that the trial court made findings of fact that were not clearly erroneous, the trial court applied the proper criteria under I.R.C.P. 60(b)(1), tempered by the policy favoring relief in doubtful cases, and the trial court's decision follows logically from application of these criteria to the facts found. Therefore, we conclude that the trial court acted within its sound discretion in denying Anthony's motion.

We do not address the status of Anthony's motion to dismiss and any implication it might have for the trial court's denial of Anthony's motion to set aside the default judgment. Anthony's brief on appeal does not list this as an issue, nor was there any argument or citation of authority in the brief concerning this issue. In his brief on appeal, Anthony asserts only excusable neglect and the existence of a meritorious defense as the grounds for setting aside the default judgment. Therefore, any issue concerning the impropriety of the default judgment because of the pendency of a motion to dismiss is not before us. I.A.R. 35(a)(4); *Jensen v. Doherty*, 101 Idaho 910, 623 P.2d 1287 (1981).

### III.

### CONCLUSION.

We affirm the trial court's denial of Anthony's motion to set aside default judgment.

█ Because we conclude that this appeal was taken and pursued frivolously, unreasonably, and without foundation, and because the lease and option to purchase provide for the award of attorney fees to the prevailing party in any action for enforcement, we award Clear Springs' attorney fees in addition to costs on appeal. I.C. § 12–121; I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

BAKES, C.J., and BISTLINE, J., REINHARDT and HERNDON, JJ. Pro Tem., concur.

BISTLINE, Justice, specially concurring.

This justice writes separately in order to emphasize that 1) a finding of legitimate and reasonable misunderstanding will mandate setting aside entry of a default judgment under I.R.C.P. 60(b)(1); and 2) that all doubts should be resolved in favor of the defaulting party and of reaching the merits of a case.

There is no question that the majority here is correct in its articulation of the law surrounding motions to set aside default judgments, insofar as it goes. However, the majority fails to address the case of *Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952), a case I cannot overlook, perhaps because of eyewitness exposure to it. One does not readily forget Justice C.J. Taylor's choice of language in setting aside a default, where a misunderstanding as to what was said between two co-defendants resulted in the entry of a timely appearance by only one of the two, the other being defaulted. Justice Taylor observed the context in which the issue was presented and stated the Court's decision, all of which is found at 73 Idaho at 121, 247 P.2d at 470–471. Even though Stoner is a pre-Federal Rules of Civil Procedure case (upon which the Idaho Rules of Civil Procedure were later modeled), the words contained therein should still carry great weight, particularly in light of this Court's more recent ruling in regard to I.R.C.P. 60(b), that the criteria under Rule 60(b)(1) should be "tempered by the policy favoring relief in doubtful cases." *Shelton v. Diamond Int'l Corp.,* 108 Idaho 935, 938, 703 P.2d 699, 702 (1985) (*quoting Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App.1983)).

*Stoner v. Turner* provided a well-stated rule governing the entry of defaults, as well as the setting aside of defaults which have been entered, the overriding principles of which are that the trial court's discretion should be freely and liberally exercised. *Stoner,* 73 Idaho at 121, 247 P.2d at 471. Similarly instructive is a later case, *Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978), which relied upon and recited the holding of *Stoner:*

The object of statutes and rules regulating procedure in the courts is to promote the administration of justice. Those statutes and rules which fix the time within which procedural rights are to be asserted are intended to expedite the disposition of causes to the end that justice will not be denied by inexcusable and unnecessary delay. But, except as to those which are mandatory or jurisdictional, procedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice.

*Bunn,* 99 Idaho at 711, 587 P.2d at 1246. *Bunn* also directed attention to Rule 1, I.R.C.P.:

These rules govern the procedure in the district, probate and justices' courts in the state of Idaho in all actions and proceedings of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in particular rules and in rule 81. They shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding.

*Bunn,* 99 Idaho at 712, 587 P.2d at 1247.

The instant case before us is not factually on par with *Stoner v. Turner.* Anthony's attorney did not allege any misunderstanding as to the date and time of the default hearing; indeed, it was a dereliction of duty for him not to be present or at least notify court and counsel of his inability to be present and to arrange a continuance. Anthony's counsel's contention that he misunderstood the purpose of the default judgment hearing was not a reasonable one, as is required by I.R.C.P. 60(b)(1). *See, e.g., Hearst Corp. v. Keller,* 100 Idaho 10, 12, 592 P.2d 66, 68 (1979).

There was a fair amount of confusion in Anthony's case as to the status of his motion to dismiss, as well as other matters. If Anthony's attorney were present at the default hearing, I would be inclined to come to a different conclusion in this case. Nonetheless, in light of his failure to appear, the court's express finding that the motion to dismiss had been withdrawn, and the fact that plaintiff actually noticed up

*defendant's* pending motion to dismiss in an attempt to move the case along, the district court was within its sound discretion in finding a pattern of neglect—the very "inexcusable and unnecessary" delay warned against by Justice Taylor.