4 P.3d 557

**Joseph S. HOPKINS, Plaintiff–Respondent,**

v.

**Arthur "Art" TROUTNER, Defendant–Appellant.**

No. 24914.

Supreme Court of Idaho,
Boise, December 1999 Term.

June 22, 2000.

Anderson, Julian & Hull, LLP, Boise; Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellant. Stephen R. Thomas argued.

Pike & Shurtliff, Boise, for respondent. M. Karl Shurtliff argued.

TROUT, Chief Justice.

This is an appeal from an order setting aside a Release of All Claims and Indemnity Agreement and Stipulation for Dismissal with Prejudice. The district judge found that there had been overreaching by Defendant Arthur "Art" Troutner's (Troutner) attorney, Brian K. Julian (Julian), in negotiating a Release and Indemnity Agreement with Plaintiff Joseph S. Hopkins (Hopkins).

## I.

## BACKGROUND

Hopkins filed a complaint against Troutner on June 17, 1997, asserting causes of action for assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy. Hopkins' claims stem from alleged physical and sexual abuse he suffered from Troutner as a minor child. On April 10, 1998, the district judge granted Hopkins' attorneys' motion for leave to withdraw from the case. Shortly after his attorneys withdrew from the case, Hopkins was contacted by representatives of Troutner and was given Julian's telephone number to call. Hopkins then called Julian several times and conducted settlement negotiations by telephone.

Hopkins expressed to Julian a desire to settle the case and stated that he would do so for less than the offers of judgment tendered to other plaintiffs in similar cases filed against Troutner. Julian's affidavit filed in this case provided the following description of their discussion:

> He then solicited what I believe to be the value of this case, after informing me that he would certainly take much less than the Offer of Judgment previously filed herein to the other Plaintiffs. I told him, in my opinion, the case was worth $3,000.00 to $4,000.00.

Hopkins then demanded $6,000, for which Julian advised him he would have to get settlement authority. The next day, Julian telephonically offered $5,500 to Hopkins, which Hopkins accepted.

Hopkins then went to Julian's office where Julian presented the Release and Indemnity Agreement. Julian explained that the documents would forever dismiss Hopkins' cause of action and that Hopkins could seek legal counsel if desired. Hopkins signed the Release and Indemnity Agreement and then accepted and cashed the settlement check of $5,500.[1] The parties then submitted to the court a Stipulation for Dismissal pursuant to the Release and Indemnity Agreement and the district judge signed an Order of Dismissal with Prejudice on April 21, 1998.

Attorney M. Karl Shurtliff entered his appearance on behalf of Hopkins on April 21, 1998. On April 24, 1998, Hopkins filed a Motion for Relief from Order of Dismissal pursuant to I.R.C.P. 60(b) and a Motion to Alter or Amend Judgment pursuant to I.R.C.P. 59(e). Hopkins also filed a Motion to Set Aside Release of all Claims and Indemnity Agreement and Stipulation for Dismissal with Prejudice on May 22, 1998, asserting the theories of incapacity, duress, undue influence and overreaching.

The district judge denied Hopkins' Rule 59(e) motion and further denied Hopkins' other motions for relief which were based upon theories of incapacity, duress and undue influence. The district judge granted Hopkins' motion pursuant to Rule 60(b)(6) on the basis of overreaching. More specifically, the district judge found the following two

---

1. It should be noted that Hopkins had been using methamphetamine for the last year and a half at the time he signed the Release and Indemnity Agreement. Indeed, Hopkins was on methamphetamine when he signed the Release and Indemnity Agreement and promptly spent the $5,500 on drugs. The district court, however, determined that Hopkins was competent to enter the Release and Indemnity Agreement.

statements in Julian's affidavit supported the judge's conclusion that there had been over-reaching: (1) "He then solicited what I believed to be the value of this case, after informing me that he would certainly take much less than the offer of judgment previously filed herein to the other Plaintiffs"; and (2) "I told him, in my opinion, the case was worth $3,000 or $4,000." Troutner then filed this appeal.

## II.

## STANDARD OF REVIEW

■■■ The power of a trial court to grant or deny relief under Rule 60(b) is discretionary. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992). Absent clear abuse of that discretion, we will not overturn the trial court's decision. *Id.* The abuse of discretion standard involves the following inquiry: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GRANTING HOPKINS RELIEF BASED ON OVERREACHING

■■ We decline to overturn the district judge's decision to grant Hopkins relief because the judge clearly perceived the issue as one of discretion, acted within the outer boundaries of his discretion and consistently with applicable legal standards, and reached his decision by an exercise of reason.

The district judge's perception that his decision concerning whether to grant Hopkins relief involved an exercise of discretion, is evidenced by the following statement:

With respect, however, to the Motion for Relief From Order of Dismissal Pursuant to Rule 60(b) and specifically I suppose 60(b)(6), which is one which allows the court—Rule 60(b) as Counsel know gives the Court discretion under certain circumstances that are catalogued, and it's 1 through 6 as I recall, No. 6 being quote "Any other reason justifying relief from the operation of the judgment." I think that's the ball park we are in and I'll attempt to rule in that vein.

This statement firmly establishes the judge's perception that the issue concerning whether to grant Hopkins' motion for relief involved an exercise of discretion.

The district judge's decision to grant Hopkins relief was made pursuant to I.R.C.P. 60(b)(6) which permits the trial court to relieve a party from a final judgment or order for the reason stated above by the judge. This section obviously gives wide latitude to the trial court in determining those circumstances under which to relieve a party from the effects of an order.

Idaho courts have not had occasion to define overreaching in the context of an attorney's conduct for the purposes of Rule 60(b). During argument, Hopkins' attorney cited, over objection, the Comment to ABA Model Rule of Professional Conduct 4.3, which provides:

An unrepresented person, particularly one not experienced in dealing with legal matters, might assume that a lawyer is disinterested in loyalties or is a disinterested authority on the law even when the lawyer represents a client. During the course of a lawyer's representation of a client, the lawyer should not give advice to an unrepresented person other than the advice to obtain counsel.

MODEL RULES OF PROFESSIONAL CONDUCT Rule 4.3 cmt. (1995). The comments to the Rules of Professional Conduct have not been adopted in Idaho and are not binding authority. However, this is not a bar disciplinary proceeding and it was appropriate for the district judge to consider the Comment to Rule 4.3 as instructive authority among the applicable legal standards; no different than case law from other jurisdictions or the Restatement. The district judge thus acted well within the boundaries of his

discretion and consistently with the legal standards applicable in concluding that there was overreaching.

Finally, we examine whether the district judge reached his decision through an exercise of reason. The following statement by the district judge reflects his analysis of what was impermissible about Julian's conduct and why that supported a decision to set aside the order of dismissal:

> I'm not sure I know precisely what over-reaching is, because I think it's more on the equitable side of the Court's jurisdiction and less on the legal side. Again I think Mr. Julian has been honest, not un-ethical and straightforward in this case. But I think when—if he were to have said, "You need to get your own—form your own opinion about that, or find somebody to give you an opinion about that. My client would only pay you three or $4,000," that's different. But Mr. Hopkins was asking him, "What's this case worth?" Under circumstances that should have led, I think, Mr. Julian to believe that his answer was going to be relied upon by Mr. Hopkins.

The district judge, through an exercise of reason, concluded that Julian did not merely state a factual matter to Hopkins. Instead, Julian inappropriately offered Hopkins legal advice upon which Julian should have expected Hopkins to rely since he was unrepresented at the time. The district judge's reasoned analysis thus satisfies the third element of the abuse of discretion test.

## IV.

## CONCLUSION

The district judge's decision to grant Hopkins relief from the Release of All Claims and Indemnity Agreement and Stipulation for Dismissal with Prejudice pursuant to I.R.C.P. 60(b)(6) is hereby affirmed. We award costs on appeal to respondent.

Justices SILAK, WALTERS and KIDWELL concur.

Justice SCHROEDER, dissenting.

I respectfully dissent from the opinion of the Court. In this case Hopkins made the decision to represent himself. He was competent to understand the nature of the proceedings in which he was involved. It is unrealistic under these circumstances to characterize the statements of Troutner's attorney as legal advice to Hopkins. It was a method of stating how much his client would pay as part of the negotiations initiated by Hopkins. Regardless, even treating the statements as legal advice, the settlement still should not be set aside.

There is no showing that Hopkins relied upon the statements of Troutner's attorney. In fact, the record establishes that he did not. Hopkins insisted on more money than the attorney said the case was worth, and he obtained substantially more money in the settlement than the attorney initially said the case was worth.

There is no showing that Hopkins was harmed. Nothing in the record establishes that the settlement amount did not fall within the range of reasonableness.

Finally, despite the order of the district court that Hopkins return the settlement amount, at the date of the hearing before this Court he had not done so. He has kept the benefits of the settlement but avoided the binding effect of the settlement.

In sum, to justify setting aside the settlement there should be a showing of reliance, harm and fair conduct by the person seeking to avoid the settlement. None of these elements has been shown.