IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 37335

| | | |
|---|---|---|
| JANICE MAYNARD, | ) | |
| | ) | |
|    Plaintiff-Appellant, | ) | Boise, June 2011 Term |
| | ) | |
| v. | ) | 2011 Opinion No. 95 |
| | ) | |
| DO NGUYEN, an individual, JANA | ) | Filed:  September 7, 2011 |
| NGUYEN and KENNY NGUYEN, husband | ) | |
| and wife, and JOHN DOE, whose true name | ) | Stephen W. Kenyon, Clerk |
| is unknown, | ) | |
| | ) | |
|    Defendants-Respondents. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick H. Owen, District Judge.

District court order setting aside default judgment <u>is affirmed and the case is remanded.</u>

Idaho Legal Aid Services, Inc., Boise, for appellant.  Howard A. Belodoff argued.

Do Nguyen, Jana Nguyen and Kenny Nguyen, Boise, pro se respondents argued.

_____
.

BURDICK, Chief Justice

This case comes before this Court on appeal from the grant of Do Nguyen, Jana Nguyen, Kenny Nguyen and John Doe's (collectively "the Nguyens") motion to set aside a default judgment in favor of Janice Maynard.  On appeal, Maynard contends that the district court abused its discretion in setting aside its previously entered default judgment.  We affirm the district court's order setting aside the default judgment and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On approximately July 7, 2006, Maynard filled out an application to rent a trailer home from the Nguyens and reached an agreement with the Nguyens under which Maynard would receive title to the home if she paid $500 in rent each month for a period of three years.  On November 11, 2008, Maynard reported to the Ada County Jail to serve a sentence, and when she

returned home on November 27, 2008, she discovered that the Nguyens had removed her belongings from the trailer home and rented the trailer to other tenants.

On May 7, 2009, Maynard filed an action against the Nguyens under the Idaho Consumer Protection Act (ICPA), seeking actual damages for her missing possessions and enhanced ICPA penalties. The Nguyens were served with process on May 27, 2009, but did not file a timely answer or make a timely appearance. On June 19, 2009, Maynard's counsel applied with the district court for a default judgment. The court signed an order of default on June 25, 2009, though it did not enter the same in the record until September 2nd.

On July 14, 2009, an evidentiary hearing was held on the issue of damages. At the beginning of that hearing Maynard's attorney told the court that he had received a two-page letter on June 29, 2009, which was addressed to "The Honorable Judge, Mr. Eppink [counsel for Maynard], Janice Maynard and To Whom it May Concern". Counsel asked whether the court had received that letter, and described various documents which were attached to it. When the court said that it had not received the letter, the attorney offered no further information concerning the letter's contents, but proceeded to present evidence concerning damages.[1] On September 9, 2009, the district court entered a default judgment against the Nguyens in the amount of $3,265 in actual damages and an enhanced penalty of $15,000 for the ICPA violation.

On September 16, 2006, the Nguyens filed a motion pursuant to I.R.C.P. 60 to set aside the default judgment. The Nguyens noted that they had sent Maynard's attorney a letter on June 25, 2009, explaining their version of events and why they believed that Maynard had abandoned the trailer home.

On December 7, 2009, the district court granted the Nguyens' motion to set aside the default judgment, finding that the Nguyens had demonstrated that there were unique and compelling circumstances justifying relief under I.R.C.P. 60(b)(6). Specifically, the court found that Maynard's attorney had failed to comply with Idaho Rule of Professional Conduct 3.3 and

---

[1] COUNSEL: I received, and I do not know if the Court received, on June 29th, left apparently at the desk of our offices in Boise, a letter that appears to be signed by one of the defendants, Jana Nguyen, addressed to the Honorable Judge, Mr. Eppink, Janice Maynard, and to whom it may concern, it is a two-page letter.

And attached to that letter were a copy of one of the summonses issued in this case, a copy of the verified complaint with handwritten notations on it, and a copy of one of the sets of written discovery requests I had propounded to the defendants with handwritten notations on it.

Did the Court receive that?

THE COURT: The Court has not received anything that was not filed by your office, sir.

COUNSEL: Thank you, Your Honor.

If I may proceed, Your Honor. The plaintiff would call Janice Maynard for testimony.

that this lapse had resulted in prejudice to the Nguyens.  The Court found that the letter sent by the Nguyens had asserted and explained a meritorious defense of abandonment.  On December 21, 2009, Maynard filed a motion for permissive appeal, which the district court granted on January 13, 2010.  The notice of appeal was filed on March 25, 2010.

## II. STANDARD OF REVIEW

As this Court wrote in *Waller v. State, Department of Health and Welfare*:

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion.  The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason.  A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court.  Those factual findings will be upheld unless they are clearly erroneous.  If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

146 Idaho 234, 237–38, 192 P.3d 1058, 1061–62 (2008) (citations omitted) (internal quotation marks omitted).  An I.R.C.P. 60(b) motion may be used to obtain relief from a final judgment; however, it should not be used as a substitute for a timely appeal.  *Miller v. Haller*, 129 Idaho 345, 348, 924 P.2d 607, 610 (1996).  Although courts have broad discretion in granting or denying such motions, that discretion is bounded by the requirement that the party seeking relief demonstrate "unique and compelling circumstances" which justify relief.  *Id*. at 349, 924 P.2d at 611.

> It is incumbent upon a party seeking relief from a judgment not only to meet the requirements of I.R.C.P. 60(b), but also to show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action.  This policy recognizes that it would be an idle exercise and a waste of judicial resources for a court to set aside a judgment if, in fact, there is no genuine justiciable controversy.

*Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994).

## III. ANALYSIS

Maynard argues that the district court abused its discretion in granting the Nguyens' I.R.C.P. 60(b) motion, based on the court's finding that Maynard's attorney had breached the rules of professional conduct, and that this constituted unique and compelling circumstances justifying relief.  Maynard contends that the Nguyens never raised the issue of attorney misconduct in their I.R.C.P. 60(b) motion, and that the district court exceeded its discretion in

considering that ground. Maynard contends that it is inappropriate to grant relief under I.R.C.P. 60(b)(6) for attorney misconduct where the Nguyens never cited I.R.C.P. 60(b)(3) (allowing for relief from judgment in cases of misconduct) and neither party briefed the issue or argued it before the court. Moreover, Maynard contends that her attorney did not violate the rules of professional conduct. Finally, Maynard contends that the Nguyens failed to plead or present evidence of facts which, if established, would constitute a meritorious defense. The Nguyens argue that the district court did not abuse its discretion.

The Nguyens brought their motion to set aside the default judgment under I.R.C.P. 60(b)(1) & (6). Idaho Rule of Civil Procedure 60(b) provides:

> **(b) Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, Grounds for Relief From Judgment on Order.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Such motion does not require leave from the Supreme Court, or the district court, as the case may be, as though the judgment has been affirmed or settled upon appeal to that court. This rule does not limit the power of a court to: (i) entertain an independent action to relieve a party from a judgment, order or proceeding, or (ii) to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or (iii) to set aside a judgment for fraud upon the court.

The district court recognized its decision to grant or deny the Nguyens' I.R.C.P. 60(b) motion was one of discretion, and that I.R.C.P. 60(b)(6) required that the Nguyens demonstrate unique and compelling circumstances justifying relief. The district court also recognized that in order to qualify for I.R.C.P. 60(b) relief an appellant must allege facts which, if proven true, would constitute a meritorious defense. The only remaining inquiry is whether the district court

acted within the boundaries of its discretion and consistent with the applicable legal standards in reaching its decision.

There are two bases on which this Court may find that the district court abused its discretion: (1) finding that the Nguyens alleged facts which, if established, would have constituted a meritorious defense, and (2) finding that the Nguyens demonstrated unique and compelling circumstances justifying relief. We find that the district court acted within its discretion in both regards.

**A. Meritorious Defense**

The Nguyens did not specifically allege a meritorious defense of abandonment in their verified Motion to Set Aside Default. Rather, the district court gleaned this defense from the letter that was attached as an exhibit to that motion. The motion, itself, states the Nguyens' defense as follows: "Defendants mailed the response to the plaintiff's attorney and was unaware that the Defendants should have filed a copy of the respone [sic] to the Courthouse. Therefore Defendants did not know that there was a court date to appear." This is clearly not a meritorious defense to the underlying action and was properly read by the district court as a claim of mistake or neglect that could be alleged under I.R.C.P. 60(b)(1) as a ground for setting aside a default judgment, a ground that only allows for the setting aside of a default judgment where an appellant has also alleged facts that, if established, would constitute a meritorious defense to the underlying action.

In reviewing the documentation upon which the Nguyens sought to set aside the default, the district judge concluded that they were asserting abandonment as a meritorious defense to Maynard's action. The documentation consisted of a two-page letter addressed "To: The Honorable Judge" as well as Maynard and her counsel, an attached Three Days Notice addressed to Maynard, a one-page accounting of Maynard's payment history under the lease, and copies of receipts for all rental payments made by Maynard. While the Nguyens' letter does conclude, "There was no need to file an eviction because [Maynard] abandoned the premises," the district court misread the purport of the documentation, which was that Maynard had defaulted under the terms of the lease and had failed to cure her default, whereupon the lease was terminated, allowing the Nguyens to recover possession of the property.

The letter to the judge described the payment and default terms as follows:

5

The contract did say that if [Maynard] pays her rent and lives at 501 E. 44th Street #17 for three years, then [Maynard] will have title to the home. We told her to live there and pay her rent so she could own the place. We told her that if she breaches the agreement by not paying rent, we will take the house back and [Maynard] agreed. We gave her a copy of the contract after we sign the contract.[2]

The letter goes on to explain that Maynard was delinquent on her rent and therefore was given the Three Days Notice. That notice indicated that Maynard was delinquent in her $500 per month rental in the total amount of $1,390. The notice stated:

> **YOU ARE FURTHER NOTIFIED that unless the matter in default is fully corrected WITHIN THREE (3) DAYS FOLLOWING THE GIVING OF THIS NOTICE OF DEFAULT,** the said Rental Agreement and all of your rights of possession of the premises described therein will be terminated and you are required to deliver up said premises to the Owner.

The letter then states that the default was not cured within the following three days and that the Nguyens could not find anyone at the premises in at least seven visits in the following week.

About two weeks after the Three Day Notice was given, Mrs. Nguyen reentered the house and found it "to be filled with dog feces and urine and it was extremely smelly and dirty." The Nguyens tore up the carpet in the two bedrooms "because the smell of the dogs' feces and urine were [sic] unbearable." Intermountain Gas and Idaho Power had turned off the utilities and, because it was late October, the Nguyens stated they had to winterize the home so that the pipes would not crack. According to the letter, the Nguyens carried on discussions with Maynard's son, directed toward reestablishing the lease arrangement, but those discussions led nowhere because Maynard was unable to produce funds to pay the arrearages.

The clear import of the letter and Three Days Notice is that, rather than Maynard having abandoned the premises, Maynard had defaulted under the terms of the lease and forfeited her rights therein pursuant to the default provisions described in those documents. The Three Day Notice clearly stated that the lease would be terminated if the $1,390 arrearage was not paid in

---

[2] The Nguyens did not present the court with a copy of the lease. However, Maynard introduced her copy of the lease into evidence at the default hearing held on July 14, 2009. With regard to the lease term, the document states, "The term hereof shall commence on 7/8, 2006, and continue . . . [o]n a month-to-month basis thereafter, until either party shall terminate the same by giving the other party 3 days written notice . . ." With regard to default, the document provides, "If Tenant shall fail to pay rent when due, or perform any term hereof, after not less than three (3) days written notice of such default . . . the Owner, at his option, may terminate all rights of Tenant hereunder, unless Tenant, within said time, shall cure such default. . . . In the event of default by Tenant, Owner may elect to . . . at any time, terminate all of Tenant's rights hereunder and recover from Tenant all damages he may incur by reason of the breach of the lease, including cost of recovering the premises . . . ."

three days and that Maynard would then forfeit all rights under the lease. It appears that Maynard was guilty of an unlawful detainer at the time the Three Day Notice was given. According to I.C. § 6-303(2) a tenant "is guilty of an unlawful detainer . . . [w]here he continues in possession . . . without permission of his landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three (3) days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him . . ." However:

> [T]he remedy of forfeiture permitted under our unlawful detainer statutes, I.C. §§ 6-303, -316, is merely cumulative to any contractual right of reentry provided for in the lease agreement. *See Hunter v. Porter*, 10 Idaho 72, 78-80, 77 P. 434, 436 (1904); 3A Thompson on Real Property § 1370 (1981); 50 Am. Jur.2d, Landlord & Tenant § 1227 (19970); *cf.* I.C. § 55-210 (recognizing lessor's contractual right of reentry upon three days' notice).

*Riverside Development Co. v. Ritchie*, 103 Idaho 515, 523, 650 P.2d 657, 665 (1982). In order to pursue the contractual remedy, the landlord must have "a clear contractual right to declare forfeiture." *Id.* In this case, it is uncontested that the lease contained a provision to the effect that if Maynard breached the agreement by not paying the rent, the Nguyens could terminate the lease upon three days' written notice. The Three Days Notice clearly stated that if Maynard did not pay the defaulted rent in three days, all of her rights under the lease would be terminated. In the similar circumstances in *Riverside Development*, this Court upheld the termination of a lease and forfeiture of the lessee's interest. The Court there noted that a landlord has a right of reentry under I.C. § 55-210 upon three days' notice. *Id.* at 524, n.8, 650 P.2d at 666, n.8. Section 55-210 provides, "Whenever the right of reentry is given to a grantor or a lessor in any grant or lease . . . such reentry may be made any time after the right has accrued, upon three (3) days' notice . . . ." The Nguyens substantially complied with this provision.

The district court merely mischaracterized the nature of the Nguyens' meritorious defense. That defense was that by virtue of Maynard's failure to pay the rent agreed to under the lease, the Nguyens had terminated the lease according to its default provisions and Maynard had thereby forfeited her interests under the lease, including any right to possession of the leased premises. The fact that some of her personal property remained on the premises and that the Nguyens carried on discussions with Maynard's son toward reinstatement of the lease makes no difference. There is no indication that the parties agreed to reinstate the lease. Because it seems

7

rather apparent that the Nguyens presented a meritorious defense, the district court did not err in holding so, although slightly mischaracterizing the actual nature of the defense.

**B.      Unique and Compelling Circumstances Justifying Relief**

The district court did not abuse its discretion in concluding that unique and compelling circumstances justified the relief it granted to the Nguyens. The district court acted within its discretion in concluding that Maynard's counsel should have provided it with the letter and attached Three Days Notice at the default hearing because it did outline a meritorious defense, it was directed to the judge, and it obviously had a bearing on the judge's outlook with regard to the case. As Maynard points out in her opening brief, Rule 3.3(d) of the Idaho Rules of Professional Conduct provides, "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." She continued, "Maynard and her counsel acknowledge, of course, that the *existence* of the letter was material to the default hearing, as was the letter's salutation—to 'The Honorable Judge.'" (emphasis in original). When he learned of the content of the letter at a later date, the district judge obviously concluded that it contained information material to the issue at hand in the default hearing.[3] While Maynard's counsel orally notified the judge of the letter at that hearing, there was no mention of the attached Three Days Notice, nor of the indication in the letter that the Nguyens were intent on defending against Maynard's claim.[4] It is unknown exactly how the matter was presented to the judge, including what inflection may have accompanied the disclosure, but it is clear that how situations are presented can have a

---

[3] An attachment to the letter indicated that it had been mailed on June 25, 2009 and had presumably been in counsel's possession for at least two weeks before the default hearing on July 14, 2009. The record indicates that Maynard's counsel mailed the letter and attached documents back to the Nguyens on the day of the default hearing. No mention of the default hearing is made in the transmittal letter. It merely states, "The summons provided instructions on how to defend this lawsuit."

[4] It should be noted that the Court is not stating or implying that Maynard's counsel acted unethically or engaged in misconduct and neither did the district court state or imply that counsel had done so. I.R.C.P. 55 does not indicate that a plaintiff has any responsibility to provide any information to the court, including the content of correspondence received from a defaulting defendant, when an application for default judgment is being considered. However, long ago this Court indicated that a defaulting party may have been entitled to a three-day notice of the application for default judgment, where there had been contact between plaintiff's counsel and defendants who had not formally appeared to defend the action but who had made it clear to plaintiff's counsel that they intended to do so. *See Newbold v. Arvidson*, 105 Idaho 663, 665, 772 P.2d 231, 233 (1983). The Court has no need to determine whether the *Newbold* case applies here or, indeed, what the precedential effect of that case is. The point is that, while Maynard's counsel may not have acted unreasonably in assuming that no information regarding the content of the Nguyens' documentation needed to be presented to the district court at the default hearing, the district court cannot be held to have abused its discretion by determining that the information contained in the Nguyens' documentation would have been relevant in its consideration of the application for default judgment.

material effect on the import given them by the other party. This is why the Court allows discretion in these matters to the presiding judge. There is certainly no indication that the judge went outside the bounds of his discretion in determining that he had not been informed "of all material facts known to the lawyer that will enable the tribunal to make an informed decision."

At the hearing on the motion to set aside the default and judgment, which was held on November 4, 2009, the district judge alluded to another irregularity in the proceedings, although it is not clear whether, or to what extent, that irregularity may have played a part in the judge's decision to grant the motion. In summarizing the procedure, the district judge noted, "On June 25, 2009, I signed an order of default noting that the defendants had been served with the complaint and the summons and had not appeared or answered. That default wasn't entered until September 2nd." Indeed, that is the case. Thus, the default order had not been entered at the time the district court entertained Maynard's proof in support of her request for judgment by default.[5] The document entitled "Orders of Default" was not entered into the court record until September 2, 2009, the same time the district court entered its Memorandum Decision and Order determining the form and content of Maynard's subsequent judgment. Further complicating the situation, individual defaults for the three Nguyens were signed and entered by the clerk on September 11, 2009, the same day the judgment was entered. Thus, the defaults against the defendants were entered concurrent with entry of the judgment, the Order of Default was entered concurrent with the Memorandum Decision and Order and no default had been entered of record at the time of the default hearing, nor was any entered until the court determined the disposition of the case in the Memorandum Decision and Order.[6]

This Court recently dealt with a request for relief under I.R.C.P. 60(b)(6) in *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 234 P.3d 699 (2010). There, we recited:

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the

---

[5] This Court observed over a hundred years ago that:

> [T]he proper place for orders made by a court or the judge thereof is among the files of the court in the particular case. Indeed, the practice of securing orders and then retaining or withholding them from the files is one that cannot be commended and should not be encouraged.

*Sandstrom v. Smith*, 11 Idaho 779, 782-83, 84 P. 1060 (1906).

[6] The Court of Appeals has held, "In Idaho, when a default judgment is predicated upon an erroneously entered default, the judgment is voidable." *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 59, 704 P.2d 960, 963 (Ct. App. 1985). Similarly, it would seem that a judgment predicated on a default hearing, where no default had been entered in the court record, would be equally voidable.

boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of facts to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. "If the trial court applies the facts in a logical manner to the criteria set forth in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Id.* at 380, 234 P.3d at 704 (quoting *Waller v. State, Dep't of Health & Welfare*, 146 Idaho 234, 237 – 38, 192 P.3d 1058, 1061 – 62 (2008)). In *Dawson* we noted that where a district court grants relief that is inconsistent with the pleadings and evidence in the case, such fact "may constitute unique and compelling circumstances sufficient to justify relief under I.R.C.P. 60(b)(6)." *Id.* In *Hopkins v. Troutner*, 134 Idaho 445, 447, 4 P.3d 557, 559 (2000), we noted that Rule 60(b)(6) "gives wide latitude to the trial court in determining those circumstances under which to relieve a party from the effects of an order." In that case, we held the district judge acted within the bounds of his discretion and consistently with the legal standards applicable in a situation where the district court determined a lawyer had given legal advice to an unrepresented party in settling a claim, thereby coming into conflict with a comment to the Model Rules of Professional Conduct, even though the comment had not been adopted in Idaho. The situation in this case is certainly no less compelling where the attorney representing Maynard failed to disclose the purport of the correspondence directed toward the judge at a default hearing held when no default had been entered in the record. Therefore, the district court did not abuse its discretion in finding that unique and compelling circumstances existed to justify setting aside the default judgment.

## IV. CONCLUSION

We affirm the district court's order setting aside the default judgment and remand for further proceedings consistent with this opinion. Cost on appeal are awarded to the Nguyens.

Justices J. JONES, and W. JONES, **CONCUR.**

Justice EISMANN, concurring in the result.

Plaintiff filed this case on May 7, 2009. She served the Defendants, and on June 19, 2009, she filed an application for the entry of default against each of them. As of that date, they had not appeared in this action.

On July 14, 2009, Plaintiff's attorney appeared at an evidentiary hearing regarding the amount of damages to be awarded. At that hearing, he informed the district court that he had received a two-page letter from the Defendants and that the salutation of the letter included the court.[7] The letter set forth the Defendants' version of the facts and asserted that the Plaintiff had abandoned the rental property. When Plaintiff's counsel received the letter, default had not yet been entered against the Defendants. Default was not entered until September 2, 2009.

The letter was sufficient to constitute a notice of appearance and to trigger the three-day notice requirements of Rules 55(a)(1) and 55(b)(2) of the Idaho Rules of Civil Procedure. "The appearance required to trigger the three-day notice requirement has been broadly defined, and is not limited to a formal court appearance." *Newbold v. Arvidson*, 105 Idaho 663, 665, 672 P.2d 231, 233 (1983). Conduct by a defendant which indicates an intent to defend against the action can constitute an appearance, and such conduct can include contacts between attorneys, or between plaintiff's counsel and a self-represented party. *Id.* (a named party's presence and self-representation at a deposition was sufficient to constitute an appearance).

In order to set aside the default under Rule 55(c) and the judgment under Rule 60(b), there must be both a ground for relief and a meritorious defense. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992); *Marco Distrib., Inc. v. Biehl*, 97 Idaho 853, 856, 555 P.2d 393, 396 (1976). In this case, there is ground for relief based upon the failure of Plaintiff's counsel to give the Defendants the three-day notice of the application for entry of default and for a default judgment. When Plaintiff's counsel received the letter from Defendants, he should have realized that the letter constituted an appearance. Because default had not yet been entered, he should not have proceeded without serving the Defendants with three-days written notice of the application for entry of default as required by Rule 55(a)(1). Even had default already been entered, the hearing on July 14, 2009 was to determine the amount of damages. "Once the valid default is taken, the defaulting party usually is entitled to participate in any hearing necessary for the adjudication of damages. At a hearing, the defaulting party may contest the amount claimed." 46 Am. Jur. 2d *Judgments* § 299 (2006). Even if Plaintiff's counsel believed that default had already been entered, he should have known that once the Defendants appeared he could not proceed with the hearing on damages in order to determine the

---

[7] The Defendants may have failed to mail a copy of the letter to the court because Rule 4(b)(2) of the Idaho Rules of Civil Procedure, which sets forth the form of a summons, required that the summons include the mailing address of Plaintiff's counsel, but it did not require that it include the mailing address of the court.

amount of the default judgment without giving them the three-days written notice required by Rule 55(b)(2). He should not have gone forward without complying with that rule. The failure of Plaintiff's counsel to comply with Rules 55(a)(1) and 55(b)(2) of the Idaho Rules of Civil Procedure constitutes a sufficient ground to set aside the entry of default under Rule 55(c) and the default judgment under Rule 60(b)(4). *Newbold v. Arvidson*, 105 Idaho 663, 666, 672 P.2d 231, 234 (1983).

In order to have the judgment declared void for the failure to comply with Rules 55(a)(1) and 55(b)(2), the Defendants must demonstrate that they have a meritorious defense. *Meyers v. Hansen*, 148 Idaho 283, 289, 221 P.3d 81, 87 (2009). I agree with the majority that the Defendants have made a sufficient showing of a meritorious defense, and I would add that the meritorious defense can also include a defense to the amount of damages claimed, including whether the Plaintiff is entitled to punitive damages and, if so, the amount to be awarded.

Even though the district court's setting aside the default judgment was based upon an erroneous theory, we can affirm it on the correct theory. *Newbold*, 105 Idaho at 666, 672 P.2d at 234.

Justice HORTON, concurring.

I write separately to explain why I join in the Court's decision to affirm the district court's decision to grant the Nguyens' motion for relief pursuant to I.R.C.P. 60(b)(6). Although I will touch briefly upon the threshold issue of the existence of a meritorious defense, my primary intention is to explain why I join in the determination that the district court did not abuse its discretion in granting relief pursuant to I.R.C.P. 60(b)(6).

I join in the Court's determination that the Nguyens' letter demonstrated a meritorious defense to Maynard's claim. The Nguyens' motion to set aside the default judgment was verified, and I view the internal reference to the letter within that verified motion as a sworn declaration of the veracity of the contents of that letter. Because the district court had previously received the lease agreement into evidence at the July 14, 2009 hearing, the record provides a factual basis upon which this Court may affirm the district court's determination of the existence of a meritorious defense, albeit upon a different legal theory.

I join in the decision to affirm the district court largely because of the procedural posture of the case. The Nguyens sought relief from a default judgment. This Court has repeatedly advised the lawyers and trial courts of this state that "because judgments by default are not

12

favored, relief should be granted in doubtful cases in order to decide the case on the merits." *Idaho State Police ex rel. Russell v. Real Prop. Situated in the Cnty. of Cassia,* 144 Idaho 60, 62, 156 P.3d 561, 563 (2007) (citing *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)).

This Court has repeatedly recognized that the district court is vested with "broad discretion" in its decision whether to grant relief from a judgment, although this discretion is bounded by the requirement that the movant demonstrate "unique and compelling circumstances" in order to receive that relief. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 380, 234 P.3d 699, 704 (2010); *Eby v. State*, 148 Idaho 731, 736, 228 P.3d 998, 1003 (2010); *Berg v. Kendall*, 147 Idaho 571, 578, 212 P.3d 1001, 1008 (2009); *Miller v. Haller,* 129 Idaho 345, 349, 924 P.2d 607, 611 (1996). In *Hopkins v. Troutner*, 134 Idaho 445, 4 P.3d 557 (2000), this Court considered the grant of authority, found in I.R.C.P. 60(b)(6), to set aside a judgment "for any other reason justifying relief." This Court held that the provision "obviously gives wide latitude to the trial court in determining those circumstances under which to relieve a party from the effects of an order." *Id.* at 447, 4 P.3d at 559.

In my view, the district court's decision is entitled to substantial deference, in view of the "broad discretion" it possesses and the liberal standard which suggests, but does not mandate, that relief be granted in "doubtful cases in order to decide the case on the merits." With this deferential approach in mind, I turn to the standard of review governing the district court's decision in this case:

> The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. . . . "If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion."

*Waller v. State, Dep't of Health & Welfare,* 146 Idaho 234, 237–38, 192 P.3d 1058, 1061–62 (2008) (quoting *Idaho State Police ex rel. Russell,* 144 Idaho at 62, 156 P.3d at 563).

In this case, the district court expressly and correctly recognized that its decision was committed to its discretion. The decision to grant the motion was within the bounds of the district court's discretion. The district court's memorandum opinion clearly demonstrates that the decision was the product of reason. Thus, the only basis upon which this Court could overturn the decision is if we were to hold that it was inconsistent with applicable legal

standards.

The district court acknowledged that it was required to find "unique and compelling circumstances" to exist and found that this case met that requirement. It found that Maynard's attorney's failure to disclose the contents of the letter and the failure to take steps to provide a copy of the letter to the court constituted such circumstances. This Court relied on the Model Rules of Professional Conduct in *Hopkins*, 134 Idaho at 447, 4 P.3d at 559, despite the fact that the rules, at that time, had "not been adopted in Idaho and [were] not binding authority" and found that an attorney's conduct warranted granting the defendant relief from judgment. *Id.* at 447-448, 4 P.3d at 559-60. In view of *Hopkins*, I am unable to conclude that the district court's reliance on I.R.P.C. 3.3 to grant relief in this case was inconsistent with the applicable legal standards previously articulated by this Court. To the contrary, I believe that it was within the wide latitude afforded to the district court by operation of I.R.C.P. 60(b)(6). I therefore join in the decision of the Court.