Justice HORTON,
concurring.
I write separately to explain why I join in the Court’s decision to affirm the district court’s decision to grant the Nguyens’ motion for relief pursuant to I.R.C.P. 60(b)(6). Although I will touch briefly upon the threshold issue of the existence of a meritorious defense, my primary intention is to explain why I join in the determination that the district court did not abuse its discretion in granting relief pursuant to I.R.C.P. 60(b)(6).
I join in the Court’s determination that the Nguyens’ letter demonstrated a meritorious defense to Maynard’s claim. The Nguyens’ motion to set aside the default judgment was verified, and I view the internal reference to the letter within that verified motion as a sworn declaration of the veracity of the contents of that letter. Because the district court had previously received the lease agreement into evidence at the July 14, 2009 hearing, the record provides a factual basis upon which this Court may affirm the district court’s determination of the existence of a meritorious defense, albeit upon a different legal theory.
*733 I join in the decision to affirm the district court largely because of the procedural posture of the case. The Nguyens sought relief from a default judgment. This Court has repeatedly advised the lawyers and trial courts of this state that “because judgments by default are not favored, relief should be granted in doubtful eases in order to decide the case on the merits.” Idaho State Police ex rel. Russell v. Real Prop. Situated in the Cnty. of Cassia, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007) (citing Suitts v. Nix, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)).
This Court has repeatedly recognized that the district court is vested with “broad discretion” in its decision whether to grant relief from a judgment, although this discretion is bounded by the requirement that the mov-ant demonstrate “unique and compelling circumstances” in order to receive that relief. Dawson v. Cheyovich Family Trust, 149 Idaho 375, 380, 234 P.3d 699, 704 (2010); Eby v. State, 148 Idaho 731, 736, 228 P.3d 998, 1003 (2010); Berg v. Kendall, 147 Idaho 571, 578, 212 P.3d 1001, 1008 (2009); Miller v. Haller, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996). In Hopkins v. Troutner, 134 Idaho 445, 4 P.3d 557 (2000), this Court considered the grant of authority, found in I.R.C.P. 60(b)(6), to set aside a judgment “for any other reason justifying relief.” This Court held that the provision “obviously gives wide latitude to the trial court in determining those circumstances under which to relieve a party from the effects of an order.” Id. at 447, 4 P.3d at 559.
In my view, the district court’s decision is entitled to substantial deference, in view of the “broad discretion” it possesses and the liberal standard which suggests, but does not mandate, that relief be granted in “doubtful cases in order to decide the ease on the merits.” With this deferential approach in mind, I turn to the standard of review governing the district court’s decision in this case:
The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason.... “If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.”
Waller v. State, Dep’t of Health & Welfare, 146 Idaho 234, 237-38, 192 P.3d 1058, 1061-62 (2008) (quoting Idaho State Police ex rel. Russell, 144 Idaho at 62, 156 P.3d at 563).
In this case, the district court expressly and correctly recognized that its decision was committed to its discretion. The decision to grant the motion was within the bounds of the district court's discretion. The district court’s memorandum opinion clearly demonstrates that the decision was the product of reason. Thus, the only basis upon which this Court could overturn the decision is if we were to hold that it was inconsistent with applicable legal standards.
The district court acknowledged that it was required to find “unique and compelling circumstances” to exist and found that this case met that requirement. It found that Maynard’s attorney’s failure to disclose the contents of the letter and the failure to take steps to provide a copy of the letter to the court constituted such circumstances. This Court relied on the Model Rules of Professional Conduct in Hopkins, 134 Idaho at 447, 4 P.3d at 559, despite the fact that the rales, at that time, had “not been adopted in Idaho and [were] not binding authority” and found that an attorney’s conduct warranted granting the defendant relief from judgment. Id. at 447-448, 4 P.3d at 559-60. In view of Hopkins, I am unable to conclude that the district court’s reliance on I.R.P.C. 3.3 to grant relief in this case was inconsistent with the applicable legal standards previously articulated by this Court. To the contrary, I believe that it was within the wide latitude afforded to the district court by operation of I.R.C.P. 60(b)(6). I therefore join in the decision of the Court.