# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32593

| | | |
|---|---|---|
| IDAHO STATE POLICE, by and through Colonel G. Jerry Russell, Director, | ) ) ) | |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | Boise, March 2007 Term |
| REAL PROPERTY SITUATED IN THE COUNTY OF CASSIA, STATE OF IDAHO, AND DESCRIBED AS FOLLOWS, TO-WIT:   PARCEL I: LOT 2 IN BLOCK 3 OF THE VERDE VALLEY SUBDIVISION, CASSIA COUNTY, IDAHO, AS THE SAME IS PLATTED IN THE OFFICIAL PLAT THEREOF, NOW OF RECORD IN THE OFFICE OF THE RECORDER OF SAID COUNTY; ONE 1976 MOBILE HOME, TITLE NO. B475291.  PARCEL II: LOT 7 IN BLOCK 3 OF THE VERDE VALLEY SUBDIVISION, CASSIA COUNTY, IDAHO AS THE SAME IS PLATTED IN THE OFFICIAL PLAT THEREOF, NOW OF RECORD IN THE OFFICE OF THE RECORDER OF SAID COUNTY, TOGETHER WITH ALL AND SINGULAR, THE TENEMENTS, HEREDITAMENTS AND APPURTENANCES HEREUNTO BELONGING OR IN ANYWISE APPERTAINING, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2007 Opinion No. 55  Filed:  March 29, 2007  Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Cassia County.  Honorable Monte B. Carlson, District Judge.

The decision of the district court is <u>affirmed</u>.

Benoit, Alexander, Harwood, High & Valdez, LLP, Twin Falls, for appellant. Anthony M. Valdez argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Thomas Tharp argued.

SCHROEDER, Chief Justice.

Eunice Bautista appeals from the district court's denial of her motion to set aside a default judgment granting a forfeiture of her home under I.C. § 37-2744A.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Eunice Bautista's ex-husband, Martin Bautista, was arrested at Eunice's home on a federal warrant for drug possession/distribution. The home had become Eunice's separate property after the couple divorced several months previously, but she had taken no action to remove Martin's name from the title, and Martin was still living there in a separate room. Pursuant to a search warrant officers found controlled substances in Martin's bedroom including methamphetamine, marijuana, and various prescription drugs.

The state police seized the home pursuant to I.C. § 37-2744A and filed a complaint *in rem* for forfeiture of the real property on February 18, 2005. The real property consisted of two parcels and the home. Neither Eunice nor Martin filed an answer or other responsive pleading. The state police applied for a default judgment which was granted. The district court entered judgment on May 16, 2005. Several months later Eunice entered an appearance and moved to set aside the default judgment under I.R.C.P. 60(b), arguing that her failure to respond resulted from mistake or excusable neglect. She believed she had engaged an attorney to represent her, but the attorney failed to take action on her behalf to prevent the forfeiture. The district court denied the motion, finding that Eunice had shown the requisite excusable neglect or mistake of fact, but she had failed to plead facts that would constitute a defense to the action.

## II.
## STANDARD OF REVIEW

A trial court's refusal to set aside a default judgment is reviewed under an abuse of discretion standard. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary,

2

(2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. *Flood v. Katz*, 143 Idaho 454, 456-57, 147 P.3d 86, 88-89 (2006).

The applicable legal standard is set forth in I.R.C.P. 60(b), which allows a default judgment to be set aside where it resulted from, *inter alia*, excusable neglect or mistake of fact. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court, whose factual findings will be upheld unless they are clearly erroneous. Nevertheless, because judgments by default are not favored, relief should be granted in doubtful cases in order to decide the case on the merits. *Suitts*, 141 Idaho at 708, 117 P.3d at 122. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion. *Id.*; *see Shelton v. Diamond Int'l. Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985).

### III.
### EUNICE'S DEFAULT WAS THE RESULT OF
### EXCUSABLE NEGLECT OR MISTAKE OF FACT

Rule 60(b) of the Idaho Rules of Civil Procedure provides that a judgment may be set aside on the grounds of mistake or excusable neglect. I.R.C.P. 60(b)(1); *see also* I.R.C.P. 55(c).

> A mistake sufficient to warrant setting aside a default judgment must be of fact and not of law. Neglect must be excusable and, to be of that calibre, must be conduct that might be expected of a reasonably prudent person under the same circumstances.

*Hearst Corp. v. Keller*, 100 Idaho 10, 11, 592 P.2d 66, 67 (1979), see standard of review analysis in *Shelton v. Diamond Int'l. Corp.*, 108 Idaho 935, 703 P.2d 699 (1985).

After being served with the summons and complaint, Eunice took the paperwork to an attorney, Rockne Lammers, and trusted him to take appropriate action. He did contact the Attorney General's office. However, he filed nothing on Eunice's behalf. Subsequent pleadings in the case were not served upon her. They were sent to attorney Lammers who did not clearly advise Eunice that he was not representing her and did not enter an appearance to prevent a default. The district court's determination that there was mistake or excusable neglect is supported by the facts.

3

## IV.
## EUNICE FAILED TO PLEAD FACTS THAT WOULD CONSTITUTE
## A MERITORIOUS DEFENSE

The district court denied Eunice's motion on the grounds that she had failed to show a meritorious defense. A party must set forth a meritorious defense before a default judgment will be set aside:

> When moving to set aside a default judgment, the moving party must not only meet the requirements of I.R.C.P. 60(b) but must also plead facts which, if established, would constitute a defense to the action. It would be an idle exercise for the court to set aside a default if there is in fact no real justiciable controversy. The defense matters must be detailed.
>
> Once a default has been entered the pleading of a defensive matter must go beyond the mere notice requirements that would be sufficient if pled before default. Factual details must be pled with particularity.

*Hearst*, 100 Idaho at 12, 592 P.2d at 68 (citation omitted); *accord Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992).

Eunice was not required to present evidence in order to have the default judgment set aside. The meritorious defense requirement is a pleading requirement, not a burden of proof. *Cf.* I.R.C.P. 8(d). To the extent that the district court discussed Eunice's failure to prove her claims, the discussion is misleading. Regardless, Eunice did not plead facts that would constitute a meritorious defense.

The state alleged in a verified complaint that Parcel I was subject to forfeiture as property used and/or intended to be used to commit or to facilitate the illegal manufacture, distribution, dispensing, or possession of a controlled substance in violation of the Uniform Controlled Substances Act. The state alleged that Parcel II represented proceeds used, in whole or in part, to commit, or to facilitate the commission of a felony violation of Idaho's Uniform Controlled Substances Act.

Section 37-2744A(d) provides that forfeiture may be avoided upon proof that an owner had no knowledge or reason to believe that the property was being used for the illegal purposes alleged. Eunice argues that she was an innocent owner, but she did not submit a pleading controverting the respondent's claims or setting forth this defense.

Eunice also argues that the district court violated I.C. § 37-2744A(e) by failing to determine whether the property had been used in violation of the statute and by failing to

4

determine whether the forfeiture was unfairly disproportionate to the size of the property alleged to have been used in violation of the statute. That provision reads as follows:

> In issuing any order under the provisions of this section, the court shall make a determination that the property, or a portion thereof, was actually used in violation of the provisions of this act. The size of the property forfeited shall not be unfairly disproportionate to the size of the property actually used in violation of the provisions of this section.

I.C. § 37-2744A(e). The district court did not set forth in its judgment a determination that the size of the property forfeited was not unfairly disproportionate to the size of the property actually used in violation of the controlled substances act. However, this omission was not raised before the district court. Once default was entered forfeiting the entirety of the property, Eunice did not present a pleading alleging facts constituting a meritorious defense.

Eunice argues that the forfeiture would violate the Eighth Amendment to the Federal Constitution. This Court has decided that the Eighth Amendment's prohibition on "excessive fines" applies to civil *in rem* forfeitures brought under I.C. § 37-2744A. *Idaho Dep't of Law Enforcement by Cade v. Free*, 126 Idaho 422, 424, 885 P.2d 381, 383 (1994). The criminal-civil distinction is not determinative, and the statute is punitive at least in part. *Id*. The disproportionality limitation in I.C. § 37-2744A(e) does not preclude the possibility that the property actually taken might be excessive. *Id*. at 424-25, 885 P.2d at 383-84. The fact that a property is not divisible does not rule out the possibility that a forfeiture might be excessive. *Id*.

The district court stated the following with regard to the constitutional argument:

> While this Court is attuned to the argument that taking a home through drug forfeiture laws may violate the Excessive Fines Clause of the Eighth Amendment (especially against one who is neither convicted not charged with a drug crime) there is no evidence before the Court that the home is worth more than the property actually used in the commission of a crime that violates the Idaho Uniform Controlled Substances Act.

The district court reviewed the state's allegations and noted that Eunice had not submitted a pleading challenging the state's allegations:

> Using its discretion, this Court finds that no meritorious defense has been shown. Thus, the issues of prejudice and violation of the Eighth Amendment need not be considered.

The sum of this case is that the state police secured a default judgment. Eunice established mistake or excusable neglect in the failure to respond to the complaint. However,

she did not plead any of the defenses she argues on appeal.  The district court did not abuse its discretion in refusing to set aside the default judgment.

## V.
## CONCLUSION

The district court's decision refusing to set aside the default judgment is affirmed.  The respondent is awarded costs.


Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.