# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 31716

JOHN N. BACH,                                                )
                                                             )
    Plaintiff-Respondent,                )
                                                             )
v.                                                           )
                                                             )
KATHERINE D. MILLER, aka                                     )
KATHERINE M. MILLER, dba R.E.M.;                             )
BOB BAGLEY and MAE BAGLEY, husband                           )
and wife; GALEN WOELK and CODY                               )
RUNYAN, individually, dba RUNYAN &                           )
WOELK; ANN-TOY BROUGHTON;                                    )         **Boise, January 2010 Term**
WAYNE DAWSON; MARK LIPONIS;                                  )
EARL HAMBLIN; STAN NICKELL; BRET                             )         **2010 Opinion No. 8**
HILL and DEENA R. HILL; and DOES 1                           )
through 30, inclusive,                                       )         **Filed: January 29, 2010**
                                                             )
    Defendants,                          )         **Stephen W. Kenyon, Clerk**
                                                             )
and                                                          )
                                                             )
ALVA HARRIS, individually, dba SCONA,                        )
INC.; JACK LEE McLEAN and BOB                                )
FITZGERALD, individually, dba CACHE                          )
RANCH; OLE OLESON; BLAKE LYLE,                               )
individually, dba GRAND TOWING,                              )
                                                             )
    Defendants-Appellants.               )
_____                     )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County. The Honorable Richard T. St. Clair, District Judge.

The judgment of the district court is <u>affirmed</u>.

Alva A. Harris, Shelley, for appellants.

John N. Bach, Driggs, respondent pro se.

_____

J. JONES, Justice.

This is an appeal of the district court's refusal to set aside a default and judgment by default against the appellants. We affirm.

## I.
## Factual and Procedural Summary

Between 1992 and 2000, John N. Bach acquired various interests in real property in Teton County under variations of the name "Targhee Powder Emporium." However, he took no action to establish a separate legal entity in that name or to file an assumed business name certificate until 2007. Bach also purported to acquire some interests in real property on behalf of the Vasa N. Bach Family Trust, which was established by Bach's mother in 1993 with Bach as the trustee. Bach treated all acquired property interests as his personal property, even executing assignments on behalf of these entities to himself in a personal capacity.

As a result of his acquisition and use of these interests, Bach's relationship with several neighboring land owners and other Teton County residents, including Alva M. Harris; Scona, Inc.; Bob Fitzgerald; Ole Oleson; Blake Lyle; and Jack McLean[1] (appellants), deteriorated, culminating in a series of altercations that Bach characterized as "raids" on his property. There is evidence in the record that some of the appellants did enter upon real property which Bach occupied and carry away or cause damage to his personal property, resulting in the district court's entry of a preliminary injunction. There is also some evidence that threats were made against Bach by some of the appellants and vice-versa. However, it appears that a number of the "raids" resulted from actions taken by Bach to block Katherine Miller's access to a parcel of property purported to be jointly owned by Bach and Miller, as well as another parcel held solely by Miller. Also, apparently prompted by Bach's actions, Miller, McLean, Mark Liponis, and Alva Harris joined together to form an incorporated entity known as Targhee Powder Emporium, Inc., that they subsequently used to deed land interests Bach obtained in the name of the Targhee entities to allegedly defrauded parties. Bach filed suit against the appellants, along with several other parties, on July 23, 2002, filing an amended complaint on September 27, 2002. The amended complaint alleged causes of action for quiet title, slander of title, intentional

---

[1] Jack McLean passed away in December 2003. His daughter, Lynn McLean, was appointed personal representative of his estate in Teton County and the estate was substituted for Jack McLean as a party defendant.

interference with prospective economic advantage, breach of fiduciary duty, conversion, malicious prosecution, and malicious harassment.

Harris appeared on behalf of all appellants and moved to strike the amended complaint on grounds that it improperly included additional parties, was brought for improper purposes, and failed to state a claim on which relief could be granted. The district court ruled that the appellants need not file an answer until it acted upon their motion to strike. The district court denied the motion to strike on January 10, 2003. The appellants then filed a motion to dismiss Bach's claims under Idaho Rule of Civil Procedure (I.R.C.P.) 12(b)(8) on the basis that the claims had already been addressed and dismissed with prejudice in a previous federal case. On January 27, 2003, Bach procured the entry of a default against the appellants. The appellants' motion to dismiss was denied on March 4, 2003, meaning that in order to be timely, the appellants had to file an answer by March 14, 2003. Idaho R. Civ. P. 12(a), 77(d).[2] The appellants filed an answer on March 19, 2003; however, the clerk of the district court had already entered default against them that morning.

The appellants brought a motion to set the default aside under I.R.C.P. 55(c) and 60, which they supported with "documents and pleadings on file herein and attached hereto." However, nothing was attached to the motion to set aside the default and the appellants filed no affidavits in support of their motion. The court entered an order striking the appellants' answer as untimely because of the January 27, 2003 default. The court's order contained no mention of the March 19, 2003 default. After the answer was stricken, the appellants filed a subsequent motion to set aside the default. In support of their motion, appellants argued that default could not be entered against them under I.R.C.P. 55 because they had appeared in the action and did not receive a notice of Bach's intent to take default. The district court again denied the appellants' motion. Although the district court found that the January 27, 2003 default was improperly entered because of the pending 12(b)(8) motion, the court found that the March 19, 2003 default was properly entered. The district court rejected the appellants' arguments in support of setting aside the default, finding that default was entered by the clerk under I.R.C.P. 55(a)(1), and that a clerk's entry of default did not require three days' notice.[3] The court also found the appellants

---

[2] References to the I.R.C.P. in this opinion refer to the version in effect in 2003.

[3] At the time, I.R.C.P. 55(a)(1) authorized the clerk to enter a default against a party who had failed to plead or otherwise defend. An amendment effective July 1, 2004, removed that authorization. The 2004 amendment also incorporated into rule 55(a)(1) the present three-days' notice requirement for a party who has appeared in the action.

failed to make a showing of sufficient facts to warrant setting aside the default, specifically that they failed to show a meritorious defense to the causes of action asserted against them. Appellants moved to reconsider the district court's refusal to set aside default, but their motion was denied.

Because of the nature of the causes of action asserted against the appellants, the district court ordered an evidentiary hearing to determine the terms of the judgment to be entered against them. Once that hearing was held, the court entered default judgment against the appellants,[4] imposing monetary damages and quieting Bach's title to all disputed properties. Once final judgment was entered, the appellants filed a timely notice of appeal to this Court, arguing that the district court erred in allowing default to be entered, in failing to set aside the default, and in imposing speculative damages against the appellants.

**II.**
**Issues Presented on Appeal**

The following issues are presented on appeal: (1) whether the district court abused its discretion in declining to set aside the default; and (2) whether the district court's award of monetary damages was proper.

**III.**
**Discussion**

**A.**
**Standard of Review**

A motion to set aside a default or judgment by default is addressed to the discretion of the trial court. *Marco Distributing, Inc. v. Biehl*, 97 Idaho 853, 856, 555 P.2d 393, 396 (1976). A district court's refusal to set aside a default judgment will not be disturbed on appeal, absent an abuse of that discretion. *Idaho ex rel. Russell v. Real Prop. Situated in the County of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). In determining whether the district court abused its discretion, this Court considers whether the trial court: (1) correctly understood the issue to be one of discretion; (2) acted within the outer bounds of its discretion; and (3) reached its decision on the motion before it through the exercise of reason. *Id.* The legal standard for a motion to set aside a default or default judgment under I.R.C.P. 55(c) is either "for good cause shown" or the grounds found in I.R.C.P. 60(b), which allows default judgment to be set aside for, among other

---

[4] A separate default judgment was entered against Lynn McLean as personal representative of the estate of Jack McLean. No default judgment was entered against Jack McLean himself.

4

things, mistake, inadvertence, or excusable neglect. *Id.* When ruling on a motion to set aside a default judgment on I.R.C.P. 60(b) grounds, the district court is deemed to have acted within its discretion if it applies the governing legal standards to the facts in a logical manner while keeping in mind the disfavored status of default judgments. *Id.*

**B.**
**The Default Was Properly Entered**

The appellants argue that the district court abused its discretion in refusing to set aside the default entered by the clerk on March 19, 2003, because the appellants did not receive the three-days' notice required by I.R.C.P. 55(b)(2) to parties who have already appeared in an action. The district court, in ruling on the motion to set aside the default, pointed out that the three-day notice requirement of I.R.C.P. 55(b)(2) did not apply to entry of default under I.R.C.P. 55(a).

The appellants were not entitled to three-days' notice of intent to take default because the pertinent rule did not require notice at the time the default was entered. The 2003 version of Rule 55(a)(1) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the court, or the clerk thereof, shall enter default against the party." Idaho R. Civ. P. 55(a)(1). This version of the rule did not contain the present three-day notice requirement for parties who have previously appeared.

The March 19, 2003 default was properly entered. The appellants appeared specially in this matter and made motions to dismiss or strike Bach's complaint under I.R.C.P. 12. The last of these motions was denied on March 4, 2003, and the notice of service on the order indicates that it was served on all parties the same day. The court also noted in a later order that the order denying the last motion to dismiss was served on appellants by fax on March 4, 2003. Under I.R.C.P. 12(a), where a motion is made under rule 12(b) prior to filing a responsive pleading, a responsive pleading must be filed within ten days of the denial of the last rule 12(b) motion in order to avoid default. Idaho R. Civ. P. 12(a). The appellants were explicitly put on notice of the fact that a responsive pleading had to be filed by the court's service of the order denying their motion. *See* Idaho R. Civ. P. 77(d) ("Immediately upon the entry of an order . . . the clerk of the district court . . . shall serve a copy thereof . . . . Such [service] is sufficient notice for all purposes for which notice of the entry of an order is required by these rules."). Accordingly, the

appellants' failure to file their answer by March 14, 2003 provided grounds for entry of default by the clerk under I.R.C.P. 12(a) and 55(a)(1); thus, the clerk properly entered default on March 19, 2003.

The district court correctly refused to set aside the default. A defaulted party may petition the court to set aside an entry of default for good cause shown. Idaho R. Civ. P. 55(c). One of the requirements of good cause is the showing of a meritorious defense. *Russell*, 144 Idaho at 62, 156 P.3d at 563; *Hearst Corp. v. Keller*, 100 Idaho 10, 12, 592 P.2d 66, 68 (1979). This requirement is imposed because "[i]t would be an idle exercise for the court to set aside a default if there is in fact no real justiciable controversy." *Id.* Consequently, where no meritorious defense is shown in support of a motion to set aside a default, a court does not abuse its discretion in denying the motion.

While Harris submitted an affidavit in support of the motion to set aside the default, there were no facts alleged in the affidavit that demonstrated a meritorious defense to Bach's claims. The appellants argue that their answer set forth sufficient facts to constitute a meritorious defense, but that pleading was stricken prior to the hearing on the motion to set aside the default and none of those facts were set forth in the affidavit in support of appellants' motion to set aside default. Thus, it could not properly be considered by the district court in ruling on the motion. Furthermore, as this Court has noted, a party may not rely on an ordinary pleading to prove a meritorious defense because "[o]nce a default has been entered the pleading of a defensive matter must go beyond the mere notice requirements that would be sufficient if pled before default." *Hearst Corp.*, 100 Idaho at 12, 592 P.2d at 68. The district court did not abuse its discretion in concluding that appellants had failed to demonstrate a meritorious defense.

While appellants' motion to set aside the default made reference to I.R.C.P. 60, appellants do not appear to have pursued that avenue of relief in the district court and have presented no argument on the issue on appeal. Therefore, we do not address it here.

## C.
### The Judgment Was Proper

The appellants next argue that even if default was properly entered, the case must be remanded for determination of damages because damages were not proven with reasonable certainty in the district court. We decline to address this issue on appeal because the appellants failed to comply with the Idaho Appellate Rule. This Court will not consider an issue not

"supported by argument and authority in the opening brief." Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."); *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). In *Jorgensen*, this Court refused to address an argument concerning an implied agreement when no argument or authority was introduced supporting the proposition. 145 Idaho at 528, 181 P.3d at 454. Similarly, in *Huff v. Singleton*, this Court refused to address several issues on appeal because the appellant simply attempted to get this Court to reweigh the evidence presented to the trier of fact through attacks on the credibility of the evidence. 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006).

Here, the appellants make a general allegation that damages were not proven to a reasonable certainty. The argument concerning the sufficiency of damages comprises one paragraph that sets forth the standard of review for a damage award, along with a citation to a small portion of the transcript of the hearing to determine damages and the exhibits introduced at that hearing.[5] This, without more, is insufficient to meet the requirements of I.A.R. 35(a)(6). The contention that no meaningful substantive testimony was presented is not supported by any authority or relevant citations to the record. The contention that the damages were not removed from the realm of speculation is much the same. Appellants' argument that Bach failed to prove a condition precedent to liability for slander of title misunderstands the nature of a default judgment. As the district court pointed out when the argument was raised below, a defendant in default is not entitled to contest liability for an award of relief, but may present evidence as to the

---

[5] The following paragraph constitutes the whole of the appellants' argument on damages:

> Appellants assert that the amount of damages simply was not proven in this matter to any degree of certainty. This Court has held that damages have to proven with reasonable certainty. This requires that they be taken out of the realm of speculation. *See Griffith v. Clear Lakes Trout Co., Inc.,* 143 Idaho 733, 740, 152 P.3d 604, 611 (2007). In the present case, although there was a hearing set for the testimony on February 3, 2004, there was no meaningful substantive testimony given. Plaintiff rested on his exhibits. *See* Clerk's Transcript at p. 1461-1464. Appellants assert that the Affidavits did not contain sufficient facts to take the damages out of the realm of speculation. *See* Exhibits 81-1 to 81-6, 83-86. For example, Plaintiff wholly failed to establish ownership of the real property, which is a prerequisite for an award of damages for slander of title.

amount of damages or nature of other relief sought.[6] We find that the district court's position is consistent with the language of I.R.C.P. 55(b)(2), which provides that the determination of the sufficiency of evidence required in support of a default judgment is within the discretion of the district court. Idaho R. Civ. P. 55(b)(2).

Accordingly, because the appellants have failed to provide any argument or authority to support their claims, the argument is waived and the judgment of the district court is affirmed.

## IV.
## Conclusion

Because the trial court did not abuse its discretion in refusing to set aside the default and the appellants failed to preserve issues related to the relief granted, the judgment of the district court is affirmed. Costs are awarded to Bach.

Chie Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

[6] The district court noted in its default judgment that, "Defendants Harris, Scona, Fitzgerald and Lyle personally appeared at the hearing but declined to cross examine Bach or to call any witnesses." Thus, these appellants did have an opportunity to influence the relief made available to Bach in the default judgment but failed to avail themselves of such opportunity.

8