**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38519**

| | | |
|---|---|---|
| DAVE DORION, | ) | **2012 Opinion No. 35** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 27, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| RICHARD KEANE and LISA KEANE, | ) | |
| husband and wife, KEANE LAND | ) | |
| COMPANY, LLC, an Idaho limited liability | ) | |
| company, KEANE AND CO. | ) | |
| CONSTRUCTION, INC., an Idaho | ) | |
| corporation, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order of the district court denying motion to set aside entry of default under Rule 55(c), <u>reversed</u> and <u>case remanded</u>.

Elam & Burke, P.A., Boise, for appellants. Jeffrey A. Thomson argued.

Clark & Feeney, Lewiston, for respondent. Douglas L. Mushlitz argued.

---

SCHWARTZMAN, Judge Pro Tem

Richard Keane, Lisa Keane, Keane Land Company, LLC, and Keane and Co. Construction, Inc. (collectively "the Keanes") appeal from the entry of default judgment. The Keanes assert that the district court abused its discretion by denying their motion to set aside the entry of default, and erred by refusing to grant relief from a void judgment.

**I.**

**BACKGROUND**

On February 24, 2009, Dave Dorion filed a complaint against the Keanes asserting various claims including breach of contract and unjust enrichment. Dorion asserted that he was entitled to a one-half ownership interest in an airplane hangar, a leasehold interest in the

1

underlying property, and compensation for labor performed constructing the hangar. The Keanes did not respond and default was entered on March 27. However, on May 21 the court granted the Keanes' motion to set aside the entry of default. The Keanes then filed an answer on May 27, denying most of the allegations set forth in the complaint and asserting that Dorion had failed to state a claim upon which relief could be granted, that Dorion's cause of action--which sought specific performance of a contract for real property--was not evidenced by a writing and was thus barred by the statute of frauds, and that Richard Keane and Lisa Keane should be removed as individual parties because they acted through their businesses.

More than fourteen months later, after a trial setting had been vacated in favor of mediation which proved unsuccessful, the Keanes' attorney requested leave to withdraw as counsel. On August 5, 2010, the district court entered an order (hereinafter "order to appear") granting the motion and directing the Keanes to "appoint another attorney to appear, or to appear in person by filing a written notice with the Court stating how they will proceed without an attorney, within twenty (20) days," and providing notice that the failure to do so "shall be sufficient grounds for entry of default and default judgment against you without further notice." The Keanes apparently contacted another attorney, who in turn called Dorion's attorney on August 30 to request additional time for the Keanes to decide whether or not to retain him, explaining that he had spoken with the Keanes, but had not yet been retained. Based on his conversation with opposing counsel, the attorney believed that Dorion would wait a "reasonable time" before pursuing default. Dorion's attorney, however, stated that he agreed only to wait twenty-four hours. Dorion filed a motion for entry of default on September 1, which the court granted on September 9.

On September 17, the Keanes' new attorney entered an appearance and filed a motion to set aside the entry of default on the ground that the default was the result of a miscommunication between the attorneys representing the parties. The court took the issue under advisement and, on December 29, entered an order denying the Keanes' motion to set aside the entry of default and granting Dorion's competing motion for default judgment. Judgment was entered on January 14, 2011, awarding Dorion a one-half ownership interest in both the airplane hangar building and the leasehold interest in the property, together with a money judgment of $10,220.

The Keanes filed a notice of appeal on February 4. On March 21, the Keanes filed a motion for relief from the default judgment under Idaho Rule of Civil Procedure 60(b)(4)

2

asserting, for the first time, that the order to appear did not strictly comply with the notice provisions of Rule 11(b)(3), and that Dorion's motion for entry of default was filed prematurely in violation of Rule 11(b)(3). Based on these alleged defects, the Keanes argue the default judgment was void. The district court denied the Keanes' Rule 60(b) motion. This appeal followed.

## II.

## ANALYSIS

The Keanes assert that the district court abused its discretion by denying Keane's motion to set aside the entry of default pursuant to Rule 55(c). We agree, and decline to address the Rule 60(b)(4) issue.

### A. Relief from Entry of Default Under I.R.C.P. 55(c)

"The legal standard for a motion to set aside a default or default judgment under I.R.C.P. 55(c) is either 'for good cause shown' or the grounds found in I.R.C.P. 60(b)." *Bach v. Miller*, 148 Idaho 549, 552, 224 P.3d 1138, 1141 (2010). Because judgments by default are not favored, a trial court should grant relief in doubtful cases in order to decide the case on the merits. *Meyers v. Hansen*, 148 Idaho 283, 287, 221 P.3d 81, 85 (2009). A court's refusal to set aside entry of default is reviewed for abuse of discretion. *McGloon v. Gwynn*, 140 Idaho 727, 729, 100 P.3d 621, 623 (2004); *McFarland v. Curtis*, 123 Idaho 931, 933, 854 P.2d 274, 276 (Ct. App. 1993). Where the trial court makes factual findings that are not clearly erroneous, applies correct criteria pursuant to the applicable legal standards to those facts, and makes a logical conclusion, while keeping in mind the policy favoring relief in doubtful cases and resolution on the merits, the court will be deemed to have acted within its discretion. *See Idaho State Police ex rel. Russell v. Parcel I: Lot 2 in Block 3*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007); *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005); *Shelton v. Diamond Int'l Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985); *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct. App. 1983). "One of the requirements of good cause is the showing of a meritorious defense." *Bach*, 148 Idaho at 553, 224 P.3d at 1142. This policy recognizes that it would be an idle exercise and a waste of judicial resources for a court to set aside a judgment or entry of default if there is in fact no genuine justiciable controversy. *Id.*; *Meyers*, 148 Idaho at 289, 221 P.3d at 87; *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994). Other primary considerations of good cause include whether the default was

willful, and whether setting aside the default would prejudice the opponent. *See McFarland*, 123 Idaho at 936, 854 P.2d at 279. *Accord United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

### 1.     Meritorious defense

A party may satisfy the meritorious defense requirement by pleading facts which, if established, would constitute a defense to the action. *Meyers*, 148 Idaho at 289, 221 P.3d at 87; *Russell*, 144 Idaho at 62, 156 P.3d at 563. A party moving to set aside a default judgment is not required to present evidence in order to have the default judgment set aside. *Cuevas v. Barraza*, 146 Idaho 511, 518, 198 P.3d 740, 747 (Ct. App. 2008). The meritorious defense requirement is a pleading requirement, not a burden of proof. *Russell*, 144 Idaho at 63, 156 P.3d at 564; *Cuevas*, 146 Idaho at 518, 198 P.3d at 747. *See also Reinwald v. Eveland*, 119 Idaho 111, 114, 803 P.2d 1017, 1020 (Ct. App. 1991) (rejecting an argument that defendant failed to tender a meritorious defense when the defendant's "answer to the complaint already was on file, it contained her defenses and it had not been stricken."). However, factual details must be pled with particularity. *Russell*, 144 Idaho at 63, 156 P.3d at 564. *Cf. Bach*, 148 Idaho at 553, 224 P.3d at 1142 ("a party may not rely on an ordinary pleading to prove a meritorious defense"). The district court briefly discussed the meritorious defense requirement without making an explicit finding, as follows:

> This is not the first time Defendant has sought to have default set aside in this matter. When the Court set aside the default in 2009, it found Defendant's affidavit was weak at best in presenting a meritorious defense. The affidavit filed in support of his current motion to set aside offers no additional facts that would allow the Court to find Defendant has shown a meritorious defense. However, even if the Court were to find Defendant has offered sufficient facts so as to have presented a meritorious defense, the Court is unable to find Defendant has shown good cause to set aside the second Entry of Default.

We understand the district court's frustration with the Keanes' sporadic efforts. Nevertheless, the implication that the Keanes failed to sufficiently present a meritorious defense for purposes of setting aside entry of default is erroneous. Whatever showing had been made for the purposes of setting aside the first entry of default was augmented by the defenses raised in the Keanes' answer. Therein, the Keanes denied making an agreement with Dorion, and asserted that Dorion's claims were barred by the statute of frauds. Furthermore, the Keanes asserted that the claims naming Richard Keane and Lisa Keane, in their individual capacities, should be

4

dismissed to the extent that they were acting through their businesses, Keane Land Company, LLC, and Keane and Co. Construction, Inc. The allegations pleaded in the Keanes' answer would constitute, at the very least, a partial defense. During oral argument, Dorion asserted that the defenses would not have been successful. We decline to address whether the defenses would ultimately have been successful because that determination would require the resolution of disputed factual issues more appropriate for trial. Dorion did not seek summary judgment of any of the Keanes' defenses below, and none of the defenses were dismissed. Instead, the case had been set for a jury trial, and the parties attempted mediation. The history of the case indicates that the Keanes had presented plausible defenses, which, if established, would have entitled them to various forms of relief. Dorion also argues that we should presume the Keanes abandoned their defenses by failing to comply with the order to appear. However, such a presumption would be inconsistent with the meritorious defense requirement of a good cause analysis. The defenses pleaded in Dorion's answer were not abandoned and were sufficient to satisfy the meritorious defense requirement.

### 2. Willfulness and prejudice

The weight that a court assigns both to the conduct of a party, when that conduct leads to entry of default, and to the prejudice that would result to the opposing party if the default were set aside, is left to the discretion of the trial court. Courts should keep in mind that under Rule 60(b)(1), a party's mistake, inadvertence, surprise, or excusable neglect may serve as the basis for relief. However, the required *good cause* showing to set aside a default under Rule 55(c) is "lower or more lenient than that required to set aside a default judgment" under Rule 60(b). *McFarland*, 123 Idaho at 936, 854 P.2d at 279 (citing 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §§ 2681-2702 (1983)). This more lenient approach in setting aside a default, as opposed to a default judgment, is consistent with an application of the policy that cases should be decided on their merits. Furthermore, at the earlier stage of entry of default where no judgment has been entered, a liberal approach is less likely to create unfair prejudice to the nonmoving party. *See McFarland*, 123 Idaho at 936, 854 P.2d at 279.

The district court made implicit findings of culpability as follows:

> In 2009, Defendant presented as good cause for setting aside the entry of default his belief that he had retained counsel to represent him but, because of a miscommunication, he had not retained counsel and only discovered the problem

5

after default had been entered. Now, some sixteen (16) months later Defendant Keane seeks to have a second Entry of Default set aside, despite acknowledging his failure to timely retain new counsel as required by the Court's Order, but asserting, through his new counsel, that he had obtained an additional indefinite extension of time in which to hire an attorney.

The Court finds Defendant Keane has failed to show good cause to set aside the current Entry of Default. While Defendant Keane may not have understood the need to timely address the lawsuit in the beginning, it should have been blatantly apparent after the first default was entered. Instead, Defendant simply neglected the matter, not once but twice, with the consequence being entry of default. Keane's excuse was plausible once, but not twice. The lawsuit has been pending for nearly two years, during which time Plaintiff has made every effort to prosecute the matter while Defendant has failed to take the matter seriously and has chosen instead to neglect the lawsuit, addressing it only after defaults have been entered.

The district court's finding that the Keanes addressed the lawsuit only after defaults had been entered is erroneous. The Keanes contacted an attorney within the time period prescribed in the order to appear,[1] and that attorney contacted opposing counsel in an attempt to obtain additional time to enter an appearance. Although the parties dispute the length of the agreed upon extension of time, it is clear that the Keanes were not totally ignoring the lawsuit. Furthermore, the record does not support the implication that the Keanes had not participated in the lawsuit other than to ask the court to set aside entries of default. After the first entry of default was set aside in 2009, the Keanes filed an answer and the case was set for trial. The Keanes actively opposed Dorion's motion for a temporary restraining order and participated in mediation after the trial date was vacated. Although the court described the Keanes' conduct as "blatant" and "neglect[ful]," the record does not support an inference that the Keanes willfully allowed default to be entered against them.

On appeal, Dorion suggests that the district court's finding that the Keanes had neglected the lawsuit, and that Dorion had made every effort to prosecute the matter, indicates that "the district court recognized prejudice to Dorion in the form of time and money spent litigating this case with no disposition." While the delay caused by the Keanes' conduct may have resulted in some minimal harm, especially when considering that this was the second time an entry of

---

[1] The order was mailed on August 9. Rule 6(e)(1) provides three extra days to the twenty-day period required by I.R.C.P. 11(b)(3) when the order of withdrawal is mailed to the party. *See Blanc v. Laritz*, 119 Idaho 359, 362, 806 P.2d 452, 455 (Ct. App. 1991). Thus, the Keanes had until September 2 to comply with the order.

default had been entered, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Dorion has not articulated any harm beyond the ordinary expenses of continued litigation. As explained by the Ninth Circuit Court of Appeals:

> It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation.

*Id.* The Keanes filed a motion to set aside the entry of default approximately one week after default was entered. Dorion has not demonstrated any prejudice caused by this short delay.

Again, we appreciate the court's frustration caused by the Keanes' failure to timely comply with the court's orders, permitting defaults to be entered, not once, but twice. However, the Keanes sufficiently presented a meritorious defense, did not engage in deliberately intentional conduct evidencing willfulness, and no prejudice has been shown. While it was not improper for the district court to review the Keanes' conduct over the case as a whole, doing so without giving full regard to the above factors, and general policy favoring a decision on the merits, amounted to an abuse of discretion. Accordingly, we conclude that the district court erred by refusing to set aside the entry of default.

**B. Attorney Fees**

Both parties seek attorney fees pursuant to Idaho Code § 12-120(3), which allows recovery of attorney fees by the prevailing party in any commercial transaction. The parties do not dispute that this case involves a commercial transaction. However, "it remains to be seen [who] will be the prevailing party in the action, and, therefore, entitled to attorney fees under I.C. § 12-120(3)." *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 415, 179 P.3d 1064, 1071 (2008). Therefore, we decline to award attorney fees.[2]

---

[2] The district court, upon final resolution of the case, may consider fees incurred on appeal when it makes a determination as to the prevailing party.

### III.

### CONCLUSION

The Keanes sufficiently pled a meritorious defense, their conduct leading to entry of default was not culpably willful, and Dorion would not have been prejudiced if the default had been set aside. Therefore, we reverse the denial of the motion to set aside the entry of default and remand the case for further proceedings on the merits. We award costs, but not fees, to the Keanes.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**