**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44925**

| | | |
|---|---|---|
| JOHN S. KIRBY and VICKY L. KIRBY, husband and wife, | ) ) | 2018 Opinion No. 12 |
| | ) | |
| Plaintiffs-Respondents, | ) ) | Filed: March 9, 2018 |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) ) | |
| MARK SCOTTON and DAWN SCOTTON, husband and wife, | ) ) ) | |
| | ) | |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion to set aside default and judgment, <u>affirmed</u>.

Perry Law, P.C.; Trevor L. Hart, Boise, for appellants. Trevor L. Hart argued.

Cosho Humphrey, LLP; David M. Penny, Boise, for respondents. David M. Penny argued.

_____

LORELLO, Judge

Mark Scotton and Dawn Scotton appeal from the district court's order denying their motion to set aside an order of default and from the final default judgment. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2016, John S. Kirby and Vicky L. Kirby filed a complaint against the Scottons asserting claims for trespass, nuisance, negligence, and a request for injunctive relief. The Kirbys asserted that the Scottons' irrigation practices resulted in water flooding onto the Kirbys' property, causing damage. Counsel for the parties communicated on July 13, 2016, regarding a possible resolution of the case. The complaint was delivered to the Scottons' counsel on July 14, 2016, but counsel never signed the acceptance of service. The Kirbys' counsel served the

Scottons directly with the complaint on August 31, 2016, after the Scottons' counsel failed to accept service or file an answer. No answer or notice of appearance was filed within the timelines required by the Idaho Rules of Civil Procedure.

The Kirbys moved for entry of default on October 24, 2016.[1] The Scottons' counsel contacted the Kirbys' counsel on October 26, 2016, stating that the Scottons' counsel had not filed an answer because he had been waiting to hear from the Kirbys' counsel in regard to whether the case had been resolved. The Kirbys' counsel agreed to withdraw the motion for default and gave the Scottons one week to file an answer. The next day, the Kirbys' counsel emailed the following to the court clerk, advising: "Please withdraw our Motion for Entry of Default against Mr. and Mrs. Scotton. We are in negotiation to secure an answer to our complaint. The answer will be filed next week sometime or if not we will refile our Motion for Entry of Default." On November 4, 2016, the Kirbys' counsel emailed the court clerk and indicated that the Kirbys intended to proceed with the default because no answer had been filed. Counsel's email asked, "Do I need to 'refile' my documents or my [sic] I just request that they be provided to the judge." The court clerk responded that she could "just provide them to the Judge." The Scottons' counsel was not included in the November 4 email exchange.[2] The district court entered default on November 18, 2016.

The Scottons filed an answer on December 1, 2016, and filed an I.R.C.P. 55(c) motion to set aside the default on December 6, 2016. In their motion to set aside default, the Scottons asserted that the Kirbys took action in the case without notice to the Scottons after they had

---

[1] The affidavit filed in support of the Kirbys' motion for default is not included in the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). Any missing portions of the record are presumed to support the action of the trial court. *Kugler v. Drown*, 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App. 1991).

[2] Although the Scottons were not entitled to notice of default because they had not appeared in the action, I.R.C.P. 55(a)(1), we note the unusual procedure surrounding the motion for default. While the Kirbys' counsel served the Scottons with the motion for entry of default, and included the Scottons' counsel on the email notifying the clerk that the Kirbys were withdrawing the motion for default (without filing a formal notice of withdrawal), the Kirbys' counsel did not include the Scottons' counsel, or notify the Scottons personally, when the Kirbys' counsel notified the clerk that the Kirbys intended to proceed with the default.

informed the Kirbys of a potential resolution. The Scottons also argued that their answer asserted several meritorious defenses; their failure to file an answer earlier was not willful, but was due to miscommunication; and that the Kirbys would not suffer any prejudice if the default was set aside. Although the Scottons' counsel filed an affidavit in support of the motion to set aside, to which he attached a letter he sent to the Kirbys' counsel setting forth the Scottons' position regarding the dispute, the motion was not supported by an affidavit from the Scottons. In response to the motion, the Kirbys argued that the Scottons' counsel had told the Kirbys' counsel that the Scottons' counsel was uncertain as to whether he was representing the Scottons and, because of this, the Kirbys served the Scottons directly. The Kirbys also asserted that the Scottons filed their answer seventy-two days late and that, had the Kirbys not filed the lawsuit, the Scottons would not have done anything to prevent further damage to the Kirbys' property.

The district court held a damages hearing on December 15, 2016, and argument on the motion to set aside the default was heard on January 19, 2017. The district court denied the Scottons' motion to set aside default, finding that the Scottons failed to show good cause for not accepting service through their counsel and not filing a notice of appearance, a motion to extend time to answer, or an answer between July 19 and November 4, 2016. The district court also concluded that the Scottons failed to plead, with particularity, a meritorious defense. Final judgment was entered on February 21, 2017. The district court awarded the Kirbys $11,230.73 in damages and costs.[3] The Scottons appeal.

## II.

## ANALYSIS

### A. Motion to Set Aside Entry of Default

The Scottons argue that the district court erred in denying their I.R.C.P. 55(c) motion to set aside the entry of default. A trial court's refusal to set aside entry of default is reviewed

---

[3] The Kirbys requested a total of $51,500.89 in damages (actual and treble), costs, and attorney fees. The district court found that the Kirbys were not entitled to the amount requested for their own labor because the Kirbys did not provide information as to the hours of labor involved, who performed the labor, and the rate at which their labor should be compensated. The district court also found the Kirbys were not entitled to treble damages under I.C. § 6-202. Finally, the district court found that the Kirbys were not entitled to attorney fees because they did not include a sum certain of attorney fees in the prayer for relief in their complaint and that attorney fees were not available on default pursuant to I.R.C.P. 54.

under an abuse of discretion standard. *Dorion v. Keane*, 153 Idaho 371, 373, 283 P.3d 118, 120 (Ct. App. 2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The district court's decision will not be overturned on appeal absent clear abuse of that discretion. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992). Where the trial court makes factual findings that are not clearly erroneous; applies correct criteria pursuant to the applicable legal standards to those facts; and makes a logical conclusion, while keeping in mind the policy favoring relief in doubtful cases and resolution on the merits, the court will be deemed to have acted within its discretion. *Dorion*, 153 Idaho at 373-74, 283 P.3d at 120-21. The legal standard for a motion to set aside entry of default under I.R.C.P. 55(c) is for good cause shown. The primary considerations for determining whether good cause has been shown are whether the default was willful, whether setting aside the default would prejudice the opponent, and whether a meritorious defense has been presented. *Dorion*, 153 Idaho at 374, 283 P.3d at 121.

The meritorious defense requirement for setting aside an entry of default recognizes that it would be an idle exercise and a waste of judicial resources for a court to set aside the entry of default if there is no genuine justiciable controversy. *Id.* A party may satisfy the meritorious defense requirement by pleading facts which, if established, would constitute a defense to the action. *Id.* The party moving to set aside a default is not required to present evidence in order to have the default set aside. *Id.* The meritorious defense requirement is a pleading requirement, not a burden of proof. *Id*. However, factual details must be pled with particularity. *Id.* Where no meritorious defense is shown in support of a motion to set aside a default, a court does not abuse its discretion in denying the motion. *Bach v. Miller*, 148 Idaho 549, 553, 224 P.3d 1138, 1142 (2010).

The Scottons assert that the district court erred by failing to address the willfulness and prejudice factors for a showing of good cause and in finding that they failed to present a meritorious defense. Because the district court's finding that the Scottons failed to plead a

4

meritorious defense is dispositive, we need not address the first two claims of error. In ruling on the Scottons' motion to set aside the entry of default, the district court found that the "answer is more of a general denial and does not plead with particularity and detail the defenses" and, as a result, the Scottons' denials and defenses did not establish a meritorious defense. The Scottons argue that the district court's conclusion in this regard was erroneous because, in their answer, they denied "most of the material averments in the Complaint" and asserted eight affirmative defenses. The affirmative defenses pled by the Scottons were that the cause of action was barred by the Kirbys' contributory or comparative responsibility, estoppel, waiver, the doctrine of unclean hands, and release; that the damages, if any, were the result of Kirbys' own conduct; that the Kirbys failed to mitigate their damages; and that the damages, if any, were subject to offset resulting from the Kirbys' wrongful conduct, including trespass; nuisance; and intentional infliction of emotional distress caused by the Kirbys discharging their firearms in the direction of the Scottons' home.

The Scottons also argue that they "asserted a right of offset and pleaded specific facts in support of that right." According to the Scottons, the district court's denial of 80 percent of the damages the Kirbys requested indicates that the Scottons "actually had meritorious defenses" and, notwithstanding the reduction in damages, their defenses are "good at law."

The Kirbys argue that the district court correctly held that the Scottons did not present a meritorious defense because they did not point to any specific factual details in their answer that would support any plausible defense to the underlying trespass action and, moreover, the Scottons' answer was stricken. The Kirbys also argue that the Scottons' defense of a right to offset is not supported by facts and is a permissive counterclaim rather than a defense to the particular action brought by the Kirbys. Finally, the Kirbys argue that the amount of damages awarded by the district court is not relevant to the meritorious defense requirement.

In *Dorion*, this Court considered whether the defendants' answer was adequate to demonstrate a meritorious defense for purposes of setting aside an entry of default. *Dorion*, 153 Idaho at 374, 283 P.3d at 121. In that case, default was entered thirty-one days after the complaint was filed, but the district court set aside the default and the defendants filed their answer. *Id.* at 372-73, 283 P.3d at 119-20. The parties then engaged in an unsuccessful mediation after which defendants' counsel asked to withdraw. In response, the district court

ordered the defendants to have counsel appear within twenty days or to file a written notice indicating how they intended to proceed without an attorney. The defendants contacted another attorney who called the plaintiff's counsel and requested an extension for the defendants to decide whether or not to retain counsel. However, the plaintiff filed for default the next day, which the district court granted. The defendants' new counsel filed a motion to set aside the default, asserting that the default was the result of a miscommunication between the parties' counsel. The district court denied the motion stating, in part, that the defendants' affidavit in support of the motion to set aside the first default "was weak at best in presenting a meritorious defense," and the affidavit filed in support of the motion to set aside the second default included "no additional facts" demonstrating a meritorious defense. *Id.* at 374, 283 P.3d at 121.

On appeal, this Court stated that, while it understood the district court's frustration with the defendants' sporadic efforts, the district court's conclusion that the defendants failed to sufficiently present a meritorious defense for purposes of setting aside the default was erroneous. *Id.* This Court reasoned that whatever showing was made for purposes of setting aside the first default was augmented by the defendants' answer in which the defendants denied making an agreement with the plaintiffs and asserted that the plaintiffs' claims were barred by the statute of frauds. *Id.* The defendants also asserted that some of the plaintiffs' claims should have been dismissed and stated the reasons therefor. This Court concluded that the allegations in the defendants' answer "would constitute, at the very least, a partial defense." *Id.* This Court also noted that the plaintiffs never sought summary judgment of any of the defenses, and none of the defenses were dismissed. Rather, the case had been set for trial and was the subject of an attempted mediation, indicating the defendants "had presented plausible defenses, which, if established, would have entitled them to various forms of relief." *Id.* at 374-75, 283 P.3d at 121-22. Thus, this Court held that the defenses in the defendants' answer, in conjunction with the course of proceedings in the case, were sufficient to satisfy the meritorious defense requirement.

Unlike in *Dorion*, neither the Scottons' answer, nor the course of the proceedings, show the district court abused its discretion in concluding that the Scottons failed to satisfy the

6

meritorious defense pleading requirement. As noted by the district court, the Scottons' answer[4] primarily contains general denials in relation to the allegations pled in support of the multiple causes of action set forth in the Kirbys' complaint. This general denial is reflected in the second paragraph of the Scottons' answer, which states that they "deny all averments in the Complaint not specifically admitted herein." The Scottons only admitted the averments in paragraphs 2 through 4, 7 (in part), 8, and 16 (in part), leaving the general denial applicable to the remaining thirty-seven paragraphs in the complaint. There are no facts pled in the Scottons' answer or in their motion to set aside the default to indicate a meritorious defense to the Kirbys' trespass, nuisance, or negligence claims. The only specific facts alleged in the Scottons' answer relate to their "Tenth Defense," which asserts that the Kirbys' damages would be subject to the Scottons' "right of offset resulting from [the Kirbys'] wrongful conduct, including trespass, nuisance, and intentional infliction of emotional distress, caused by [the Kirbys'] discharging their firearms in the direction of [the Scottons'] home." These facts do not constitute a defense to any of the Kirbys' claims. Rather, these facts, on their face, relate to an alleged "right of offset" with respect to damages--an offset the Scottons claimed was proper due to their own unpled claims against the Kirbys for trespass and nuisance.[5] Based on the record, we cannot say that the district court abused its discretion in concluding that the Scottons failed to plead a meritorious defense sufficient to set aside the default.[6]

---

[4] In *Bach*, 148 Idaho at 553, 224 P.3d at 1142, the Court declined to consider the answer in determining whether the appellants had set forth sufficient facts for a meritorious defense because the answer was stricken prior to the hearing on the motion to set aside default. Because the district court in this case did not strike the Scottons' answer until it issued its order denying the Scottons' motion to set aside default, we may consider the answer in addressing the meritorious defense issue, just as the district court did.

[5] In their reply memorandum in support of their motion to set aside default, the Scottons stated that, if the district court granted their motion to set aside the default, they "intend[ed] to file an Amended Answer and Counterclaim in which they [would] assert claims for trespass and nuisance, among others."

[6] Neither the transcript nor the court minutes for the January 19, 2017, hearing on the motion to set aside the default are included in the record on appeal. Missing portions of the record are presumed to support the district court's decision. *Kugler*, 119 Idaho at 690, 809 P.2d at 1169.

The Scottons further argue that, "even without considering [their] Answer, it is clear [they] actually had meritorious defenses to much of the Kirbys' damage claims" as evidenced by the district court's denial of "approximately 80 percent of the damages sought by [the] Kirbys."[7] Although the district court held its decision on damages "in abeyance" until it considered the Scottons' motion to set aside the default, the district court's damages determination was unrelated to, and did not cure, the Scottons' failure to plead, with particularity, any meritorious defenses to the Kirbys' causes of action. Moreover, the district court's decision to deny a portion of the damages requested by the Kirbys was not based on a conclusion that the Scottons had any defenses to the Kirbys' request for damages and was based on the Kirbys' failure to prove they were entitled to the amount of damages sought.

As such, the Scottons have failed to meet their burden of showing error in the denial of their motion to set aside the default. Accordingly, the district court did not abuse its discretion in finding that the Scottons failed to present a meritorious defense.

## B. Attorney Fees

The Kirbys request attorney fees on appeal pursuant to I.C. § 12-121, arguing that this appeal has been frivolously pursued. The Scottons have not requested attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the Court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. The Kirbys argue that they are entitled to attorney fees because the district court's decision was supported by substantial facts in the record, and the Scottons only ask this Court to second-guess the district court's discretionary decision. The Scottons argue that the Kirbys are not entitled to attorney fees because the Scottons "have presented several legitimate issues," including whether the district court can assign no weight to any of the Rule 55(c) factors and whether the district court erred by not "construing the facts and pleadings liberally in favor of the Scottons." We have rejected the Scottons' argument that the district court abused its discretion in concluding they failed to adequately plead a meritorious defense. Because the Scottons have made reasonable arguments supported by relevant authority in support of their claims of error, we conclude that this appeal is

---

[7] Although the Scottons cite the damages award as evidence of a meritorious defense, they do not challenge the amount of damages awarded.

not frivolous, unreasonable or without foundation.  Accordingly, we decline to award attorney fees to the Kirbys.

## III.
## CONCLUSION

The Scottons failed to present a meritorious defense in support of their motion to set aside default.  Therefore, the district court's order denying the Scottons' motion to set aside default and the final default judgment are affirmed.  Costs, but not attorney fees, are awarded to the Kirbys.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.